(935 P.2d 1079)

No. 76,313

JAMIE D. ROBERTS, *Claimant/Appellant*, v. THE J.C. PENNEY COMPANY, *Respondent/Appellee*, LIBERTY MUTUAL INSURANCE COMPANY, *Insurance Carrier/Appellee*, and THE KANSAS WORKERS COMPENSATION FUND.

Opinion filed April 11, 1997.

*Chris Miller*, of Lawrence, for appellant.

*James C. Wright*, of Wright & Shafer, of Topeka, for appellees.

Before MARQUARDT, P.J., GREEN, J., and CAROL J. BACON, District Judge, assigned.

BACON, J.: Jamie D. Roberts appeals from the ruling of the Workers Compensation Board (Board), which found that K.S.A. 44-519 requires the exclusion of vocational expert testimony regarding the percentage of a claimant's work disability when that percentage is based on restrictions contained in medical reports generated by an absent, nontestifying, treating physician.

Roberts suffered a work-related back injury in February 1990. Following this injury, Roberts continued working, but after a few weeks, she had to stop due to the pain. In September 1990, Roberts was referred to Dr. Roger Jackson for back surgery. Thereafter, Roberts went through vocational rehabilitation, which was ultimately unsuccessful. Roberts contends that she is unable to return to gainful employment as a result of her injury.

Dr. Edward J. Prostic, a board-certified orthopedic surgeon who examined and evaluated Roberts, testified that she had sustained a 40 percent functional impairment and was only capable of performing light-duty employment. Michael Dreiling, Roberts' vocational expert, testified that Roberts had suffered a 100 percent work disability. Dreiling's conclusions were based on the restrictions noted in the medical records of Dr. Jackson, Roberts' treating physician, as well as those of other doctors who had seen Roberts for this injury. Dr. Jackson's deposition was not taken and, subsequently, his records were not introduced into evidence. However, Dr. Jackson's records were part of the vocational rehabilitation information on file with the Kansas Division of Workers Compensation and were, therefore, available to counsel.

Monty Longacre, the vocational expert for J.C. Penney Company (Penney), testified that although Roberts had sustained a 36 percent loss in her ability to perform in the open market, she had suffered no loss in her ability to earn comparable wages.

After considering the opinions of Longacre and Dreiling, an administrative law judge (ALJ) found that Roberts had suffered a 59 percent permanent partial disability as a result of her work-related injury. On appeal, the Board modified the ALJ's award, finding that

"[t]he determination of loss of ability to perform work in the open labor market and loss of ability to earn compensable wages is critical in determining an injured worker's right to permanent partial disability benefits under K.S.A. 1989 Supp. 44-510e. Unless the medical information utilized by the labor market expert is part of the evidentiary record, the expert's opinion that is based upon that information is without foundation and should not be considered by the trier of facts when timely objections are lodged. To hold otherwise would be to circumvent the intent of K.S.A. 44-519 . . . . Although claimant had the opportunity to introduce the medical opinion either by deposition or stipulation, the medical in-

formation considered by Mr. Dreiling and which constituted the primary basis for his opinions was never introduced into the evidentiary record."

Based on Longacre's testimony, the Board found that claimant had only an 18 percent work disability. Roberts appeals.

In workers compensation cases, the scope of appellate review is limited. See K.S.A. 1996 Supp. 44-556; K.S.A. 77-621. Under K.S.A. 77-621(c), relief will be granted only if it is determined that any one or more of the following has occurred:

"(4) the agency has erroneously interpreted or applied the law;

. . .

"(7) the agency action is based on a determination of fact, made or implied by the agency, that is not supported by evidence that is substantial when viewed in light of the record as a whole, . . . or

"(8) the agency action is otherwise unreasonable, arbitrary or capricious."

K.S.A. 44-510e(a) states in pertinent part:

"The extent of permanent partial general disability shall be the extent, expressed as a percentage, to which the employee, *in the opinion of the physician,* has lost the ability to perform the work tasks that the employee performed in any substantial gainful employment during the fifteen-year period preceding the accident, averaged together with the difference between the average weekly wage the worker was earning at the time of the injury and the average weekly wage the worker is earning after the injury." (Emphasis added.)

K.S.A. 44-519 provides:

"No report of any examination of any employee by a health care provider, as provided for in the workers compensation act and no certificate issued or given by the health care provider making such examination, shall be competent evidence in any proceeding for the determining or collection of compensation unless supported by the testimony of such health care provider, if this testimony is admissible, and shall not be competent evidence in any case where testimony of such health care provider is not admissible."

Both parties rely on *Boeing Military Airplane Co. v. Enloe,* 13 Kan. App. 2d 128, 131, 764 P.2d 462 (1988), *rev. denied* 244 Kan. 736 (1989). *Boeing* involved an objection to the testimony of two physicians whose medical opinions were based, in part, on the claimant's past medical records. Because the doctors generating the past medical records did not testify at the proceeding, the respondent claimed that the records were inadmissible under K.S.A. 44-

519. This court found that K.S.A. 44-519 "literally applies only when a party seeks to introduce a report or certificate of a physician or surgeon into evidence." 13 Kan. App. 2d at 130. In *Boeing*, the claimant did not attempt to introduce the past medical records into evidence. We concluded that "K.S.A. 44-519 does not prevent a testifying physician from considering medical evidence generated by other absent physicians as long as the testifying physician is expressing his or her own opinion rather than the opinion of the absent physician." 13 Kan. App. 2d 128, Syl. ¶ 3.

In *Boeing*, this court also addressed the proper standard of review to be applied on an appeal from a claim that evidence was erroneously admitted in a workers compensation proceeding. On review of such a claim, "this court will affirm when the decision is based on substantial and satisfactory evidence even though some evidence is not technically admissible under the rules of evidence." *Boeing*, 13 Kan. App. 2d 128, Syl. ¶ 4.

Roberts argues that the rationale of *Boeing* should be extended to permit Dreiling's testimony even though he relied on the medical opinions of physicians who had not testified in the proceeding regarding the extent of Roberts' disability and whose reports had not been introduced into evidence. Here, the ALJ relied on *Boeing* in overruling Penney's objection to Dreiling's testimony, while the Board excluded his testimony.

Recently, in *McKinney v. General Motors Corp.*, 22 Kan. App. 2d 768, 772, 921 P.2d 257 (1996), this court reiterated that "medical evidence is not essential to the establishment of the existence, nature, and extent of an injured worker's disability." "In workers compensation cases, the ALJ and the Board are not bound by the technical rules of procedure and are to give the parties a reasonable opportunity to be heard and present evidence." 22 Kan. App. 2d at 772. In *McKinney*, the ALJ considered a medical report which was generated by a neutral health care provider that was appointed by the ALJ to evaluate the claimant and to prepare a report discussing the claimant's functional disability. This court held: "Under an integrated interpretation of K.S.A. 44-510e(a) and K.S.A. 44-519, the absence of admissible testimony supporting the report of

an independent medical examiner does not make the report inadmissible." 22 Kan. App. 2d 768, Syl. ¶ 5.

*Boeing* and *McKinney* provide three important rules of law applicable to the present case: (1) Medical testimony is not required to establish a claimant's work disability rating; (2) neither the ALJ nor the Board is bound by technical rules of evidence; and (3) K.S.A. 44-519 applies only when *a party* introduces a medical report of a nontestifying physician as evidence. Here, the ALJ correctly ruled that a vocational expert could rely on the medical reports of nontestifying physicians which had not been introduced as evidence in the proceeding.

Reversed and remanded to reinstate the ALJ's award.