(764 P.2d 462)
No. 61,583

BOEING MILITARY AIRPLANE COMPANY and AETNA CASUALTY & SURETY, *Respondents/Appellees,* v. ROBERT E. ENLOE, *Claimant/Appellee,* and KANSAS WORKERS' COMPENSATION FUND, *Appellant.*

Opinion filed November 18, 1988.

*Vincent L. Bogart,* of Klenda, Mitchell, Austerman & Zuercher, and *Christoper A. McElgunn,* of Wichita, for the appellant.

*James B. Zongker,* of Render & Kamas, of Wichita, for appellee Robert E. Enloe.

*Vaughn Burkholder,* of Foulston, Siefkin, Powers & Eberhardt, of Wichita, for appellees Boeing Military Airplane Company and Aetna Casualty & Surety.

Before REES, P.J., DAVIS, J., and PORTER K. BROWN, District Judge, assigned.

DAVIS, J.: The Workers' Compensation Fund appeals the trial court's award to the claimant, Robert E. Enloe, of a 60% permanent partial disability and the trial court's determination that the Fund is liable for 100% of the award. The Fund contends that the only evidence supporting its liability was inadmissible under K.S.A. 44-519. The Fund also argues that the trial court lacked jurisdiction to increase claimant's award because he did not appeal the director's award of 40% permanent partial disability. We affirm.

The trial court found that the claimant was a handicapped worker, that his employer hired or retained him knowing that he was a handicapped worker, and that the injury would not have occurred but for claimant's handicap. Those findings were based on opinions expressed by Dr. Ernest Schlachter and Dr. Kenneth Zimmerman.

Dr. Schlachter examined the claimant five months after the accident for which compensation was awarded. He testified that the accident would not have caused permanent injury but for claimant's preexisting degenerative disc disease. Dr. Schlachter based his opinion that claimant had a chronic lumbosacral sprain with aggravation of preexisting degenerative disc disease on the following factors: (1) An examination of the claimant; (2) the history claimant gave him; and (3) an X-ray report that Dr. Rawcliffe had previously prepared. Dr. Rawcliffe was not present and did not testify at the workers' compensation proceeding. The X-ray report was not admitted into evidence; however, it was made available to all counsel.

Dr. Zimmerman testified that he had examined claimant numerous times as a company physician for claimant's employer. He testified that claimant had a history of lower back problems. He indicated that claimant was handicapped and would be limited in obtaining employment because of his back problems. In his opinion, claimant would not have been injured but for the preexisting condition of his spine. Dr. Zimmerman based his opinion on his own examination and on company medical records. In addition to reports prepared by Dr. Zimmerman after he had examined claimant on various occasions, the records reviewed by Dr. Zimmerman contained reports prepared by other company doctors who did not testify at the workers' compensa-

tion proceeding. Although the medical records were not admitted into evidence, they were made available to all counsel.

In their testimony, both doctors acknowledged that claimant's past medical records formed a part of the basis for their opinions concerning claimant's disability. The Fund contends that, because the doctors generating the past medical records of claimant did not testify, those past records were inadmissible under K.S.A. 44-519.

K.S.A. 44-519 provides:

"No report of any examination of any employee by a physician or surgeon, as hereinbefore in this act provided for, nor any certificate issued or given by the physician or surgeon making such examination, shall be competent evidence in any proceeding for the determining or collection of compensation unless supported by the testimony of such physician or surgeon, if this testimony is admissible, nor competent evidence in any case where testimony of such physician or surgeon is not admissible."

The report of examination referred to in K.S.A. 44-519 is identified elsewhere in the Workers' Compensation Act as a report prepared by a physician for the purpose of evaluating the extent of the employee's disability and his claim for compensation. See K.S.A. 44-515. The term "certificate" as used in K.S.A. 44-519 is not defined in the Act; however, earlier versions of this same statute required a physician or surgeon to issue a certificate "as to the condition of the workman." L. 1911, ch. 218, § 21.

K.S.A. 44-519 governs the admissibility and competence of expert medical opinions expressed in the form of a certificate or report of examination on the issues of determination and collection of compensation in a workers' compensation proceeding. To be considered as competent evidence in the proceeding, the opinions expressed in the certificate or report must be supported by admissible testimony of the physician or surgeon who issued the certificate or report. K.S.A. 44-519 does not limit the information a testifying physician or surgeon may consider in rendering his or her opinion as to the condition of an injured employee.

K.S.A. 44-519 has no application to the testimony of Dr. Schlachter and Dr. Zimmerman. The statute literally applies only when a party seeks to introduce a report or certificate of a physician or surgeon into evidence. In the present case, no report or certificate prepared by an absent, nontestifying physician or surgeon was introduced into evidence. Neither Dr.

Schlachter nor Dr. Zimmerman attempted to "bootleg in" the opinion of an absent, nontestifying doctor by merely reading from the other doctor's report. See, *e.g., Mesecher v. Cropp*, 213 Kan. 695, 701-02, 518 P.2d 504 (1974). Although each doctor relied in part on the reports of the absent doctors in forming his opinion, each doctor, when testifying, expressed his own opinion and not that of the absent, nontestifying doctors.

Doctors commonly rely on reports furnished by other doctors in arriving at their own diagnoses. The Fund's interpretation of K.S.A. 44-519 would require each of these other doctors to testify. This would set a standard more stringent than the one which governs admissibility of expert opinions in civil trials. See K.S.A. 60-456(b); see also *Box v. Cessna Aircraft Co.*, 236 Kan. 237, 243-44, 689 P.2d 871 (1984) ("The admissibility of evidence is more liberal in compensation cases, not more restrictive.") Contrary to the long-established policy that the Workmen's Compensation Act should be construed to allow "the speedy adjustment of claims under it," *Cain v. Zinc Co.*, 94 Kan. 679, 681, 146 Pac. 1165 (1915), the Fund's interpretation would unduly complicate workers' compensation proceedings, create more expense, and delay the resolution of claims for injured workers.

The test to be applied when a claim is made that evidence was erroneously admitted in a workers' compensation proceeding is whether "the decision is based upon substantial and satisfactory evidence, relevant, reasonable and persuasive, though not technically admissible under the rules of evidence." See *Ochoa v. Swift & Co.*, 200 Kan. 478, 480, 436 P.2d 412 (1968). This has been a longstanding rule in the State of Kansas and was earlier expressed in *Holt v. Peterson Construction Co.*, 134 Kan. 149, Syl. ¶ 2, 4 P.2d 428 (1931), wherein the court stated: "A finding and award of the compensation commission free from fraud or unfairness, based on relevant and persuasive evidence, will be upheld although some of it was not in accord with the technical rules of evidence applicable in common-law actions in trials before a judicial tribunal."

We find no merit in the Fund's contention that it is "simply unfair" to allow a doctor to base his opinion on medical records prepared by absent, nontestifying doctors when the Fund is not able to cross-examine those doctors. The medical records were

made available to all counsel. The Fund's attorney vigorously cross-examined both Dr. Zimmerman and Dr. Schlachter concerning their opinions and the basis for their medical opinions.

The decision of the district court is based upon substantial and satisfactory evidence that is relevant, reasonable, and persuasive. We have no hesitancy in affirming the district court's decision.

Finally, the Fund contends that the claimant's failure to appeal from a 40% award of permanent partial disability prevents the district court upon review from increasing claimant's permanent partial disability award.

The employer and its insurer perfected their appeal to the district court by filing a petition for judicial review within 30 days of the director's order. K.S.A. 1987 Supp. 44-556(b) provides "[o]n any such review the district court shall have jurisdiction to grant or refuse compensation, or to *increase* or diminish any award of the director *as justice may require.*" (Emphasis added.) The district court was empowered to increase claimant's award even though claimant did not appeal from the director's award.

Affirmed.