(921 P.2d 257)
No. 74,293

JERRY R. McKINNEY, *Claimant/Appellee,* v. GENERAL MOTORS CORPORATION, *Respondent/Appellant,* and KANSAS WORKERS COMPENSATION FUND, *Appellee.*

—

Opinion filed August 9, 1996.

*Jeffrey M. Pfaff* and *Terry J. Brady,* of Gage & Tucker L.C., of Kansas City, Missouri, for respondent/appellant.

*Robert W. Harris,* of Kansas City, for claimant/appellee.

*Thomas Kelly Ryan,* of Gates, Biles, Shields & Ryan, P.A., of Overland Park, for appellee Kansas Workers Compensation Fund.

Before BRAZIL, C.J., MARQUARDT, J., and GENE B. PENLAND, District Judge Retired, assigned.

MARQUARDT, J.: General Motors Corporation (GM) appeals from the order of the Workers Compensation Board (Board) which affirmed the administrative law judge's (ALJ) award to Jerry R. McKinney. GM argues that the Board erred in admitting the independent medical examiner's report as evidence without requiring testimony from the doctor concerning the report. Alternatively, GM argues that if the evidence is sufficient to support the award, the evidence is sufficient to support an assessment of liability against the Kansas Workers Compensation Fund (Fund).

McKinney was employed by GM and was injured when a container of chemicals fell from a forklift onto his right lower leg and foot.

Approximately 3 weeks after the accident, McKinney began to complain of right hip and lower back pain. Although McKinney received steroid injections which relieved his back pain for several months, by October 1993 McKinney had constant pain in his lower back on the right side.

At a prehearing settlement conference, the parties could not reach an agreement as to McKinney's functional impairment rating. The ALJ appointed Dr. Roger W. Hood to perform an independent medical examination of McKinney and to prepare a report. At the regular hearing, the ALJ informed the parties that they would be free to cross-examine Dr. Hood about his report, which none of the parties did.

Based on the evidence in the record, the ALJ found that McKinney possessed an 18 percent "permanent partial disability to the body as a whole." The ALJ also found:

"Although the medical report of Dr. Hood would indicate that the claimant possessed pre-existing impairment of both the right leg and low back, the respondent has not proved by a preponderance of credible evidence that it had knowledge of such impairment, or that it considered the claimant to be a handicapped employee prior to April 28, 1992. K.S.A. 44-566(b) and K.S.A. 44-567. Therefore,

the Kansas Workers Compensation Fund should be relieved of all liability in this matter."

The Board adopted the ALJ's findings of fact and conclusions of law.

GM argues that a medical report is not competent evidence in a proceeding to determine compensation unless the report is supported by the admissible testimony of the health care provider who prepared the report. See K.S.A. 44-519. McKinney responds that K.S.A. 44-510e(a) allows the ALJ to appoint a neutral health care provider to evaluate the claimant and to prepare a report as to the claimant's functional disability. This report must then be considered by the ALJ regardless of whether there is supporting testimony.

The parties agree that this court's scope of review in workers compensation cases is to determine whether the award is supported by substantial evidence. See *Miner v. M. Bruenger & Co.*, 17 Kan. App. 2d 185, 188, 836 P.2d 19 (1992).

The issue argued by the parties, however, requires this court to interpret and reconcile two statutes. Interpretation of a statute is a question of law over which this court has unlimited review. *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, 283, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995).

K.S.A. 44-519 provides:

"No report of any examination of any employee by a health care provider, as provided for in the workers compensation act and no certificate issued or given by the health care provider making such examination, shall be competent evidence in any proceeding for the determining or collection of compensation unless supported by the testimony of such health care provider, if this testimony is admissible, and shall not be competent evidence in any case where testimony of such health care provider is not admissible."

K.S.A. 44-510e(a) provides in part:

"If the employer and the employee are unable to agree upon the employee's functional impairment, such matter shall be referred by the administrative law judge to an independent health care provider who shall be selected by the administrative law judge from a list of health care providers maintained by the director. The health care provider selected by the director pursuant to this section shall issue an opinion regarding the employee's functional impairment which shall be considered by the administrative law judge in making the final determination."

GM also points to K.A.R. 51-3-5a, which provides in part:

"Medical reports or any other records or statements shall be considered by the administrative law judge at the preliminary hearing. However, the reports shall not be considered as evidence when the administrative law judge makes a final award in the case, unless all parties stipulate to the reports, records or statements or unless the report, record or statement is later supported by the testimony of the physician, surgeon or other person making the report, record or statement."

This court is confronted with competing mandatory language from each statute. K.S.A. 44-519 states in absolute terms that *"[n]o* report . . . shall be competent evidence in *any* proceeding for the determining or collection of compensation" unless the report is supported by the admissible testimony of the health care provider who prepared the report. See *Boeing Military Airplane Co. v. Enloe*, 13 Kan. App. 2d 128, 130, 764 P.2d 462 (1988), *rev. denied* 244 Kan. 736 (1989). At the same time, K.S.A. 44-510e(a) states that if the employer and the employee are unable to agree upon the functional impairment rating, the ALJ "shall" refer the matter to an independent health care provider whose report "shall be considered by the administrative law judge in making [a] final determination."

The Board found that "[t]he language of K.S.A. 44-510e(a) appears to supersede the language of K.S.A. 44-519 in that the independent medical examination report 'shall' be considered by the administrative law judge. The statutory language in this instance is clear and unambiguous."

In *Foulk*, 20 Kan. App. 2d at 283-84, this court summarized the rules of statutory interpretation:

"When interpreting a statute, this court should give effect to the intent of the legislature to the extent that intent can be ascertained. *Martindale v. Tenny*, 250 Kan. 621, 626, 829 P.2d 561 (1992). If the language of the statute is plain and unambiguous, this court 'must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be.' 250 Kan. 621, Syl. ¶ 2. In doing so, the court should give words in common usage their ordinary and natural meanings. *Bank IV Wichita v. Plein*, 250 Kan. 701, 705-06, 830 P.2d 29 (1992). However, if interpreting one section of an act according to its literal import would 'contravene the manifest purpose of the legislature, the entire act should be construed according to its spirit and reason, disregarding so

far as may be necessary the strict letter of the law.' *Jackson v. City of Kansas City*, 235 Kan. 278, 319, 680 P.2d 877 (1984)."

Because K.S.A. 44-510e(a) and K.S.A. 44-519 arguably conflict, this court should consider the statutes in the context of the entire Workers Compensation Act (Act). See *Foulk*, 20 Kan. App. 2d at 283-84. When interpretation of one section of the Act appears to conflict with another section of the Act, the entire Act should be construed according to its spirit and reason, disregarding so far as may be necessary the strict letter of the law. See *Foulk*, 20 Kan. App. 2d at 284.

GM reasons that the purpose of K.S.A. 44-510e(a) is to permit an ALJ to utilize a third physician's report when the claimant and the employer have offered into evidence conflicting medical reports with supportive testimony. GM offers no support for this analysis other than it is GM's supposition.

GM ignores the fact that medical evidence is not essential to the establishment of the existence, nature, and extent of an injured worker's disability. See *Chinn v. Gay & Taylor, Inc.*, 219 Kan. 196, 201, 547 P.2d 751 (1976). While it may be routine and advisable for a claimant to present admissible medical evidence in order to establish the extent of the claimant's disability, it is not required.

In workers compensation cases, the ALJ and the Board are not bound by the technical rules of procedure and are to give the parties a reasonable opportunity to be heard and present evidence. K.S.A. 44-523; see *Box v. Cessna Aircraft Co.*, 236 Kan. 237, 243-44, 689 P.2d 871 (1984).

The policy, structure, and intent behind the Act supports construing K.S.A. 44-510e(a) and K.S.A. 44-519 to allow the neutral medical report to be admitted into evidence without requiring supportive testimony. Under an integrated interpretation of K.S.A. 44-510e(a) and K.S.A. 44-519, the absence of testimony supporting the report does not make it inadmissible. GM's interpretation of these statutes, after deciding not to cross-examine Dr. Hood, is the equivalent of inviting error.

GM notes in its reply brief that the relevant portion of K.S.A. 44-510e(a) became effective on July 1, 1993, and that McKinney

was injured prior to that date. See L. 1993, ch. 286, § 34. GM argues that applying the language of K.S.A. 44-510e(a) to the instant action is an improper retroactive application of the amendment.

This argument is apparently raised for the first time on appeal—in a reply brief. This court generally will not consider an argument that is raised for the first time on appeal. See *Hephner v. Traders Ins. Co.*, 254 Kan. 226, 231, 864 P.2d 674 (1993). GM does not argue that any of the exceptions to this rule apply. See *Baumann v. Excel Industries, Inc.*, 17 Kan. App. 2d 807, 810, 845 P.2d 65, *rev. denied* 252 Kan. 1091 (1993) (quoting recognized exceptions from *In re Conservatorship of Marcotte*, 243 Kan. 190, 196, 756 P.2d 1091 [1988]). This argument is not properly before this court.

Alternatively, GM argues that if the evidence is sufficient to support the award of compensation, the evidence is also sufficient to support an assessment of liability against the Fund.

"Our scope of review in a workers compensation case requires that we view the evidence in a light most favorable to the prevailing party and that we determine whether the [Board's] findings are supported by substantial competent evidence." *Grizzle v. Gott Corp.*, 19 Kan. App. 2d 392, 393, 872 P.2d 303 (1993).

The ALJ and the Board found that GM had not met its burden of proof to show knowledge of a preexisting handicap.

" 'A negative finding indicates that the party upon whom the burden of proof is cast did not sustain the requisite burden, and on appeal the negative finding will not be disturbed absent proof of an arbitrary disregard of undisputed evidence or some extrinsic consideration such as bias, passion or prejudice.' [Citation omitted.]" *Rodriguez v. Henkle Drilling & Supply Co.*, 16 Kan. App. 2d 728, 730, 828 P.2d 1335, *rev. denied* 251 Kan. 939 (1992).

See *Guerrero v. Dold Foods, Inc.*, 22 Kan. App. 2d 53, 58, 913 P.2d 612 (1995).

In order for GM to be either completely relieved of liability or entitled to an apportionment of the award from the Fund, GM has the burden of showing: (1) it knowingly retained a handicapped employee as defined in K.S.A. 44-566, and (2) either (a) the injury probably or most likely would not have occurred "but for" the

preexisting handicap or (b) the injury was contributed to by the preexisting handicap. K.S.A. 44-567.

In *Denton v. Sunflower Electric Co-op*, 12 Kan. App. 2d 262, 265, 740 P.2d 98 (1987), *aff'd* 242 Kan. 430, 748 P.2d 420 (1988), this court noted that "K.S.A. 44-567(b) emphasizes that liability shifting under the authority granted by K.S.A. 44-567(a) requires that it be proved that hiring or retention of the employee occurred after the employer acquired knowledge of (knew of) an impairment causing the employee to be a handicapped employee." See *Guerrero*, 22 Kan. App. 2d at 58.

The employer bears the burden of proving by a preponderance of the credible evidence that it knowingly hired or retained a handicapped employee. K.S.A. 44-508(g); K.S.A. 44-567; *Denton*, 12 Kan. App. 2d at 264. Whether the worker's impairment constitutes a handicap in obtaining employment is a question of fact. *Johnson v. Kansas Neurological Institute*, 240 Kan. 123, 127, 727 P.2d 912 (1986), *overruled on other grounds Denton v. Sunflower Electric Co-op*, 242 Kan. 430, 436, 748 P.2d 420 (1988). Knowledge of a particular accident or injury is not necessarily knowledge of an impairment that constitutes a handicap. *Johnson*, 240 Kan. at 128.

K.S.A. 44-566(b) defines a "handicapped employee" as follows:

" 'Handicapped employee' means one afflicted with or subject to any physical or mental impairment, or both, whether congenital or due to an injury or disease of such character the impairment constitutes a handicap in obtaining employment."

GM states that an entry in its plant medical records for August 18, 1986, reflects that McKinney had taken sick leave for a lower back injury. The cited portion of the record, however, involves an abdominal disorder. The return-to-work slips contained in the medical records do not show an arbitrary disregard of undisputed evidence that GM had knowledge of an existing handicap.

GM has failed to prove Fund liability for any portion of the award.

The Fund filed a motion to strike Volume III from the record on appeal. Volume III consists of medical records which were submitted by GM to the Division of Workers Compensation the day

after the ALJ's award. GM is asking this court to consider medical records, without the benefit of testimony, that were never submitted by any party as evidence. GM's presentation of these medical records after the award goes far beyond the admissibility issue that GM is arguing against in this appeal.

These records were not a part of the record before the ALJ and must be stricken from the record.

The orders of the ALJ and the Board are affirmed.