(933 P.2d 161)
No. 75,892

JEFFREY SIMS, *Claimant/Appellee*, v. FRITO-LAY, INC., *Respondent/Appellant*, KEMPER INSURANCE COMPANY, *Insurance Carrier*, and KANSAS WORKERS COMPENSATION FUND, *Appellee*.

Opinion filed February 28, 1997.

*Steven J. Quinn*, of Fox, Stretz & Quinn, P.C., of Kansas City, Missouri, for appellant.

*Patrick M. Salsbury*, of Goodell, Stratton, Edmonds & Palmer, L.L.P., of Topeka, for appellee Kansas Workers Compensation Fund.

Before ELLIOTT, P.J., GERNON, J., and DAVID F. BREWSTER, District Judge, assigned.

ELLIOTT, J.: Frito-Lay, Inc., appeals an order of the Workers Compensation Board (Board) finding the Workers Compensation Fund (Fund) was liable for only 40% of the award to Jeffrey Sims for a second injury. Frito-Lay argues the administrative law judge's prior determination of 70% Fund liability should be reinstated. The narrow question presented by Frito-Lay is whether the Board erred in ruling the administrative law judge improperly considered the portion of the report of an independent medical examiner regarding Fund liability without the doctor's supporting testimony.

We affirm.

The parties agree the Fund's liability is either 40% or 70%. The administrative law judge appointed Dr. Bieri as an independent

medical examiner pursuant to K.S.A. 44-510e(a), asking for an evaluation and disability rating of claimant Jeffrey Sims. Dr. Bieri prepared a report containing the requested information, *as well as* his opinion on liability apportionment. The opinion as to liability apportionment, although requested by someone, was gratuitous to the administrative law judge's request. Neither party deposed Dr. Bieri. Dr. Bieri thought the current injury would not have been suffered but for the prior injury.

Dr. Wertzberger, who was deposed, stated the prior injury accounted for 40% of the present injury. The administrative law judge averaged the two opinions (100% and 40%) and concluded the Fund should bear 70% of the liability.

In reversing, the Board ruled the administrative law judge improperly considered Dr. Bieri's opinion regarding liability apportionment, noting the administrative law judge had not requested any opinion on that subject. The Board ruled:

"Once the parties, [not the Fund], rather than the Administrative Law Judge, made inquiry of the doctor regarding issues extraneous to those the Administrative Law Judge desired the doctor to address, Dr. Bieri's function changed from that of providing an independent medical evaluation for the Administrative Law Judge to that of providing expert witness testimony for one or more of the parties."

This case involves the interpretation of K.S.A. 44-510e(a) and K.S.A. 44-519. Our review is unlimited. *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, Syl. ¶ 1, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995).

The administrative law judge requested Dr. Bieri's evaluation pursuant to K.S.A. 44-510e(a) and limited the request in accordance with that statute. K.S.A. 44-510(e) provides:

"If the employer and the employee are unable to agree upon the employee's functional impairment, such matter shall be referred by the administrative law judge to an independent health care provider who shall be selected by the administrative law judge from a list of health care providers maintained by the director. The health care provider selected by the director pursuant to this section *shall issue an opinion regarding the employee's functional impairment which shall be considered* by the administrative law judge in making the final determination."

K.S.A. 44-519 provides:

"No report of any examination of any employee by a health care provider, as provided for in the workers compensation act and no certificate issued or given by the health care provider making such examination, shall be competent evidence in any proceeding for the determining or collection of compensation unless supported by the testimony of such health care provider, if this testimony is admissible, and shall not be competent evidence in any case where testimony of such health care provider is not admissible."

The Board, in another case, ruled that K.S.A. 44-510e(a) supersedes K.S.A. 44-519. See *McKinney v. General Motors Corp.*, 22 Kan. App. 2d 768, 771, 921 P.2d 257 (1996). In our view, that statement is overly broad. Rather, it appears to us that K.S.A. 44-510e(a) merely creates a narrow exception to the general rules of K.S.A. 44-519. While a medical report must normally be supported by a health care provider's testimony, the administrative law judge may consider the report of an independent health care provider regarding a claimant's *functional impairment* without the health care provider's supporting testimony. See *McKinney*, 22 Kan. App. 2d at 772.

However, the plain language of K.S.A. 44-510e(a) does not allow an administrative law judge to routinely consider an independent health care provider's opinion on issues beyond that of functional impairment without supporting testimony. The Board properly ruled the administrative law judge should not have considered Dr. Bieri's opinion regarding liability apportionment.

Like the Board, we express no opinion as to whether the administrative law judge, pursuant to K.S.A. 44-510e(a), may specifically request an independent health care provider to state an opinion on matters beyond functional impairment and consider that opinion without the supporting testimony of the independent health care provider.

Frito-Lay argues the Fund waived any objection to the administrative law judge's consideration of the entirety of Dr. Bieri's report by not objecting to the administrative law judge. But under our reading of the statutes, no one could have introduced the entirety of Dr. Bieri's report without supporting testimony. The Fund became aware of the administrative law judge's misreading of the statutes only after the administrative law judge rendered his opinion. The Fund has not waived its position.

Under the facts of this case, that portion of Dr. Bieri's report which went beyond functional impairment was "inadmissible" under specific workers compensation statutes without his supporting testimony.

Affirmed.