No. 76,313

JAMIE D. ROBERTS, *Appellant,* v. THE J.C. PENNEY COMPANY and LIBERTY MUTUAL INSURANCE COMPANY, *Appellees.*

(949 P.2d 613)

Opinion filed December 12, 1997.

*Chris Miller*, of Lawrence, argued the cause and was on the briefs for appellant.

*James C. Wright*, of Wright & Shafer, of Topeka, argued the cause and was on the brief for appellees.

The opinion of the court was delivered by

LARSON, J.: This workers compensation appeal questions the construction of K.S.A. 44-519 relating to usage of written reports of health care providers by a vocational rehabilitation expert without the testimony of the health care provider being properly admitted as competent evidence in a proceeding for the determination and collection of compensation.

Jamie D. Roberts appealed the Workers Compensation Appeals Board (Board) decision that it would not consider the testimony of a vocational rehabilitation expert as to her work disability. The expert's opinion was based upon restrictions and recommendations contained in medical reports of physicians which were not admitted as competent evidence in the case.

The Court of Appeals reversed the Board in *Roberts v. J.C. Penney Co.*, 23 Kan. App. 2d 789, 935 P.2d 1079 (1997), holding that K.S.A. 44-519 applies only when a party seeks to admit the report of a health care provider and that vocational rehabilitation experts may rely on the reports of health care providers which have not been introduced into evidence.

We granted the petition for review of the respondent, J.C. Penney Company (J.C. Penney), and its insurance carrier, Liberty Mutual Insurance Company (Liberty Mutual). For the reasons hereinafter stated, we reverse the Court of Appeals and affirm the Board's decision.

*Factual and procedural background*

Roberts suffered a work-related back injury in February 1990. She continued working for several weeks until the pain became too severe. In September 1990, Roberts was referred to Dr. Roger Jackson, who eventually performed back surgery on her. Roberts contends she remains impaired and is unable to obtain gainful employment.

Dr. Edward J. Prostic, an orthopedic surgeon who examined and evaluated Roberts, testified in his deposition that she had sustained a 40% functional impairment due to her injuries and was capable of performing only light-duty employment.

Roberts' vocational rehabilitation expert, Michael Dreiling, conducted an extended telephone conference with Roberts and reviewed the medical records of Dr. Jackson and other treating or examining physicians. Dreiling formed the opinion that Roberts suffered a 100% work disability, based upon the restrictions and recommendations found in these reports and upon her work background. Dr. Jackson's deposition was not taken, nor were his records introduced into evidence. A few of Dr. Jackson's reports were included in the court's vocational rehabilitation file.

Monty Longacre, the vocational rehabilitation expert for J.C. Penney and Liberty Mutual, reviewed the deposition and medical records of Dr. Prostic, read the regular hearing transcript, and held a telephone interview with Roberts. He testified in his deposition that Roberts had suffered a 36% loss of her ability to access jobs in the open labor market and no loss of her ability to earn comparable wages.

The ALJ considered the opinions of both Dreiling and Longacre in finding Roberts had suffered a 59% permanent partial disability as a result of her work-related injury.

In meeting the argument that K.S.A. 44-519 precluded consideration of Dreiling's testimony and opinion, the ALJ stated:

"In my opinion the case of *Boeing Military Airplane Company v. Enloe*, 13 Kan. App. 2d 128, 764 P.2d 462 (1988), *rev. denied*, 244 Kan. 736 adequately disposes of this argument. It is there held that K.S.A. 44-519 does not limit the information a testifying physician or surgeon may consider in rendering his or her opinion as to the condition of an injured employee. Further, K.S.A. 44-519 does not prevent

a testifying physician from considering medical evidence generated by other absent physicians as long as the testifying physician is expressing his or her own opinion rather than the opinion of the absent physician. In addition, when a claim is made that evidence was erroneously admitted in a workers compensation proceeding the court will affirm when the decision is based on substantial and satisfactory evidence even though some evidence is not technically admissible under the rules of evidence. In 13 Kan. App. 2d at page 130 the court stated: 'the statute [K.S.A. 44-519] literally applies only when a party seeks to introduce a report or certificate of a physician or surgeon into evidence.' The court further noted at page 131 that a contrary interpretation would unduly complicate workers compensation proceedings, create more expense and delay the resolution of claims for injured workers. I hold that this rationale extends to the opinions of vocational experts."

Both parties requested review by the Board. Pointing out that Dreiling had based his conclusions upon the opinions of physicians that did not testify and whose reports were not placed into evidence, the Board ruled the ALJ had erred in considering Dreiling's opinion. The Board stated:

"The determination of loss of ability to perform work in the open labor market and loss of ability to earn comparable wages is critical in determining an injured worker's right to permanent partial disability benefits under K.S.A. 1989 Supp. 44-510e. Unless the medical information utilized by the labor market expert is part of the evidentiary record, the expert's opinion that is based upon that information is without foundation and should not be considered by the trier of facts when timely objections are lodged. To hold otherwise would be to circumvent the intent of K.S.A. 44-519 (Ensley) that provides that no report of any examination by a health care provider is competent evidence to be considered in a workers compensation proceeding unless it is supported by the health care provider's testimony. Although claimant had the opportunity to introduce the medical opinion either by deposition or stipulation, the medical information considered by Mr. Dreiling and which constituted the primary basis for his opinions was never introduced into the evidentiary record."

Based upon the opinion of Longacre, the Board concluded Roberts had suffered an 18% work disability.

In reinstating the award of the ALJ and reversing the Board, the Court of Appeals relied upon *Boeing Military Airplane Co. v. Enloe,* 13 Kan. App. 2d 128, 764 P.2d 462 (1988), *rev. denied* 244 Kan. 736 (1989), and *McKinney v. General Motors Corp.,* 22 Kan. App. 2d 768, 921 P.2d 257 (1996), to hold:

"*Boeing* and *McKinney* provide three important rules of law applicable to the present case: (1) Medical testimony is not required to establish a claimant's work disability rating; (2) neither the ALJ nor the Board is bound by technical rules of evidence; and (3) K.S.A. 44-519 applies only when *a party* introduces a medical report of a nontestifying physician as evidence. Here, the ALJ correctly ruled that a vocational expert could rely on the medical reports of nontestifying physicians which had not been introduced as evidence in the proceeding." 23 Kan. App. 2d at 793.

## Analysis

Our applicable standard of review of the decision of the Board is set forth in *Gleason v. Samaritan Home,* 260 Kan. 970, 975-76, 926 P.2d 1349 (1996), where we stated:

"The 1993 amendments to the Kansas Workers Compensation Act specifically adopt the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601 *et seq.,* for workers compensation appeals. K.S.A. 1995 Supp. 44-556. The KJRA further states that such review shall be limited to questions of law. K.S.A. 1995 Supp. 4-556(a). The determination of whether the Board's findings of fact are supported by substantial competent evidence is a question of law. *Berry v. Boeing Military Airplanes,* 20 Kan. App. 2d 220, 222-23, 885 P.2d 1261 (1994)."

In this case we are required to construe a statute following its review by the Board, giving rise to our rules relating to interpretations by a state agency. We recently recognized these rules in *In re Application of Zivanovic,* 261 Kan. 191, 929 P.2d 1377 (1996), as follows:

"It is the function of a court to interpret a statute to give it the effect intended by the legislature." Syl. ¶ 1.

"The ruling of an administrative agency on questions of law, while not as conclusive as its findings of facts, is nonetheless persuasive and may carry with it a strong presumption of correctness." Syl. ¶ 2.

"The party challenging the validity of the agency's action bears the burden of proving the invalidity of the action." Syl. ¶ 3.

"Usually, interpretation of a statute by an administrative agency charged with the responsibility of enforcing that statute is entitled to great judicial deference. The agency's interpretation of a challenged statute may, in fact, be entitled to controlling significance in judicial proceedings. Further, if there is a rational basis for the agency's interpretation, it should be upheld on judicial review." Syl. ¶ 4.

Although a question similar to the one now before us was raised in *Gleason,* 260 Kan. at 978, it was not necessary to that opinion to decide this issue, which is one of first impression to this court.

We first set forth the statutory provisions and administrative regulations upon which our decision will rest.

K.S.A. 44-519 is directly in issue and provides in its entirety:

"No report of any examination of any employee by a health care provider, as provided for in the workers compensation act and no certificate issued or given by the health care provider making such examination, shall be competent evidence in any proceeding for the determining or collection of compensation unless supported by the testimony of such health care provider, if this testimony is admissible, and shall not be competent evidence in any case where testimony of such health care provider is not admissible."

K.S.A. 44-523 relates to the hearing procedures in compensation cases and, in applicable part, states:

"(a) The director, administrative law judge or board shall not be bound by the technical rules of procedure, but shall give the parties reasonable opportunity to be heard and to present evidence, insure the employee and the employer an expeditious hearing and act reasonably without partiality."

Additionally, K.A.R. 51-3-5a, although it relates to procedures for preliminary hearings, contains the following statements concerning medical reports:

"Medical reports or any other records or statements shall be considered by the administrative law judge at the preliminary hearing. However, the reports shall not be considered as evidence when the administrative law judge makes a final award in the case, unless all parties stipulate to the reports, records or statements or unless the report, record or statement is later supported by the testimony of the physician, surgeon or other person making the report, record or statement."

The ALJ and Court of Appeals relied on *Boeing Military Airplane Co. v. Enloe*, 13 Kan. App. 2d 128, a decision allowing a testifying physician who is rendering his or her own opinion to form that opinion in part on the claimant's past medical records. The *Boeing* court held:

"K.S.A. 44-519 does not limit the information a testifying physician or surgeon may consider in rendering his or her opinion as to the condition of an injured employee." Syl. ¶ 2.

"K.S.A. 44-519 does not prevent a testifying physician from considering medical evidence generated by other absent physicians as long as the testifying physician is expressing his or her own opinion rather than the opinion of the absent physician." Syl. ¶ 3.

In explanation of this holding, the court stated:

"Doctors commonly rely on reports furnished by other doctors in arriving at their own diagnoses. The Fund's interpretation of K.S.A. 44-519 would require each of these other doctors to testify. This would set a standard more stringent than the one which governs admissibility of expert opinions in civil trials. See K.S.A. 60-456(b); see also *Box v. Cessna Aircraft Co.*, 236 Kan. 237, 243-44, 689 P.2d 871 (1984) ('The admissibility of evidence is more liberal in compensation cases, not more restrictive.') Contrary to the long-established policy that the Workmen's Compensation Act should be construed to allow 'the speedy adjustment of claims under it,' [citation omitted], the Fund's interpretation would unduly complicate workers' compensation proceedings, create more expense, and delay the resolution of claims for injured workers." 13 Kan. App. 2d at 131.

*Boeing* was decided in 1988, and in 1990, 44-519 was amended to replace the reference to physicians and surgeons with "health care provider" (L. 1990, ch. 182, § 9), which was defined as "any person licensed, by the proper licensing authority of this state, another state or the District of Columbia, to practice medicine and surgery, osteopathy, chiropractic, dentistry, optometry, or podiatry." L. 1990, ch. 183, § 1; see K.S.A. 44-508(i). This may have had the effect of broadening the holding of *Boeing* to a wider group of health care professionals but does not appear to show any legislative intent to exclude or include vocational rehabilitation experts from or within the holding.

*Boeing* is certainly a significant decision, but extension of its holding to require consideration of Dreiling's testimony and opinion is not easily justified.

In *McKinney v. General Motors Corp.*, 22 Kan. App. 2d 768, the Court of Appeals resolved an apparent conflict between K.S.A. 44-510e(a) and K.S.A. 44-519. K.S.A. 44-510e(a) states that when an employer and employee are unable to agree upon the employee's functional impairment, the ALJ shall refer such matters to an independent health care provider, who "shall issue an opinion regarding the employee's functional impairment which shall be considered by the administrative law judge in making the final determination."

General Motors argued the medical report was not competent evidence unless the report is supported by admissible testimony of the health care provider who prepared the report, relying on K.S.A.

44-519. The claimant argued the report was generated by the requirements of K.S.A. 44-510e(a) and must be considered by the ALJ regardless of whether there is supporting testimony. It is important to note that in the factual statement in *McKinney*, the ALJ informed the parties at the regular hearing that they were free to cross-examine Dr. Hood about his report, which none of the parties elected to do.

The *McKinney* court cited K.S.A. 44-523 and *Box v. Cessna Aircraft Co.*, 236 Kan. 237, 243-44, 689 P.2d 871 (1984), for the proposition that the ALJ and the Board are not bound by technical rules of procedure and are to give the parties a reasonable opportunity to be heard and present evidence. In pointing out that medical evidence is not essential to the establishment of the existence, nature, and extent of an injured worker's disability, pursuant to *Chinn v. Gay & Taylor, Inc.*, 219 Kan. 196, 201, 547 P.2d 751 (1976), the *McKinney* opinion held:

> "The policy, structure, and intent behind the Act supports construing K.S.A. 44-510e(a) and K.S.A. 44-519 to allow the neutral medical report to be admitted into evidence without requiring supportive testimony. Under an integrated interpretation of K.S.A. 44-510e(a) and K.S.A. 44-519, the absence of testimony supporting the report does not make it inadmissible. GM's interpretation of these statutes, after deciding not to cross-examine Dr. Hood, is the equivalent of inviting error." 22 Kan. App. 2d at 772.

While the ALJ relied on a plausible extension of the holding in *Boeing* to apply the exception to vocational rehabilitation experts in the same manner as allowed to health care providers, the Court of Appeals selected and extended portions of both *Boeing* and *McKinney* to reach its desired result. We would not extend either decision beyond its specific facts and holdings, as such extension would have the effect of gutting K.S.A. 44-519 of any significance and meaning. Such a holding would allow consideration of an opinion lacking a proper legal foundation and not based on competent evidence admitted into the record.

The first rule offered by the Court of Appeals to support its holding derives from *Chinn*. Although this case does state that "[t]he existence, nature and extent of the disability of an injured workman is a question of fact [citations omitted]" and "[m]edical

testimony is not essential to the establishment of these facts [citation omitted]," 219 Kan. at 201, these statements do not support a finding that a vocational rehabilitation expert is entitled to give an opinion as to a disability rating. Rather, the *Chinn* rule simply indicates the fact of injury need not be established by a health care provider. Consistent with this rule, a vocational rehabilitation expert could testify as to factual observations regarding the claimant; however, the rule is not authority for a vocational rehabilitation expert to form medical opinions or to offer an opinion based on medical recommendations and restrictions not in the record. The underlying and critical distinction lies on the basic evidentiary requirement that a proper, competent foundation must be present before opinion evidence may be presented.

Next, in stating the ALJ and Board are not bound by "technical rules of evidence," the Court of Appeals relied upon *McKinney* and the wording of K.S.A. 44-523(a), which was previously set forth herein. However, this misses the point that K.S.A. 44-519 is not a technical rule of evidence. Rather, it is a specific legislative mandate.

The *McKinney* opinion did not treat 44-519 as a "technical rule" to be cast aside whenever necessary to reach an intended result, but rather treated it as a statutory provision in perceived conflict with another and later provision. The fact that K.S.A. 44-510e(a) was given precedence under the specific circumstances in *McKinney,* including the failure of the parties to exercise an opportunity for cross-examination, can in no manner be considered a relegation of K.S.A. 44-519 to mere technical stature.

A better construction of K.S.A. 44-523 was presented in *Ochoa v. Swift & Co.,* 200 Kan. 478, 480, 436 P.2d 412 (1968), which expressed: "[I]f the decision is based on substantial and satisfactory evidence, relevant, reasonable, and persuasive, though not technically admissible under the rules of evidence governing procedure under the civil code, the decision will be upheld. [Citations omitted.]" This language indicates that the "technical rules of procedure" are those rules of civil procedure located in Chapter 60 of the Kansas statutes, particularly the rules of evidence set forth in Article 4.

The third rule presented by the Court of Appeals to decide the present case was derived from *Boeing,* 13 Kan. App. 2d at 130, which stated 44-519 "literally applies only when *a party* seeks to introduce a report or certificate of a physician or surgeon into evidence." We see little significance to this emphasis, as "a party" is clearly either the claimant or respondent and its insurance carrier, and thus all contestants are permitted to benefit from *Boeing's* interpretation of 44-519.

The holding of *Boeing* that most applies to the present case is best expressed in syllabus ¶ 3: "K.S.A. 44-519 does not prevent a testifying physician from considering medical evidence generated by other absent physicians *as long as* the testifying physician is expressing his or her own opinion rather than the opinion of the absent physician." (Emphasis added.)

In the present case, the vocational rehabilitation expert is not qualified to express his own opinion regarding the medical evidence and must rely upon the opinions of health care providers in order to form an opinion. Therefore, his opinion merely reflects and expresses the medical opinions of absent health care providers. The holding of *Boeing* appears to specifically bar this type of bootlegging into evidence, unless the evidence from the absent physicians is grounded on the opinion of a testifying physician.

Furthermore, allowing a vocational rehabilitation expert to so testify is contrary to our long-established rule that expert testimony must be based upon competent evidence. In *State v. Marks,* 231 Kan. 645, 655, 647 P.2d 1292 (1982), we quoted from the often-cited case of *Klein v. Wells,* 194 Kan. 528, 539, 400 P.2d 1002 (1965): " 'It has long been settled that an expert witness may base his opinion upon matters within his personal knowledge or observation, or upon competent evidence in the case, or upon both.' " See also *Van Welden v. Ramsay's Inc.,* 199 Kan. 417, 422, 430 P.2d 298 (1967) ("An expert witness may base his opinion upon competent evidence in the case.").

K.S.A. 44-519 declares that no report or certificate of a health care provider is competent evidence in any workers compensation proceeding unless supported by admissible testimony of that provider. Black's Law Dictionary 284 (6th ed. 1990) defines competent

evidence as "[t]hat which the very nature of the thing to be proven requires."

In the present case, the validity and accuracy of the evidence considered by Dreiling from the absent physicians could not be tested, and his opinion was based on a statutorily prohibited insufficient foundation. Dreiling, who was not competent to testify as to a medical opinion, generated an opinion from the reports of nontestifying health care providers and, thereby, effectively offered the incompetent reports as justification for his own opinion.

This markedly differs from the situation in *Boeing*, where medical experts were generating their own proof regarding the underlying matter, despite reliance upon other medical records. Such medical experts have the training and experience to interpret and evaluate the soundness of other medical reports and also have the expertise to form their own medical opinions. Vocational rehabilitation experts, however, do not have medical expertise and are not competent to assess the soundness of medical opinions in the reports of health care providers. Nor may they formulate their own medical opinions.

Furthermore, in situations similar to *Boeing*, medical experts may be cross-examined regarding the basis for their own medical opinions and may be questioned as to their assessment of the reliability of the data and opinions they have examined and utilized. Vocational rehabilitation experts, on the other hand, cannot be cross-examined regarding the soundness of the medical opinions they have relied upon.

Another case recently decided by the Court of Appeals, *Sims v. Frito-Lay, Inc.*, 23 Kan. App. 2d 591, 933 P.2d 161 (1997), provides additional support for the proposition that 44-519 should not easily be extended. *Sims* discussed whether an ALJ properly considered an additional portion of the opinion of an independent health care provider, who was not deposed, that went beyond the issues requested by the ALJ. In finding that this portion of the physician's opinion should not have been considered, the *Sims* court noted:

"The Board, in another case, ruled that K.S.A. 44-510e(a) supersedes K.S.A. 44-519. See *McKinney v. General Motors Corp.*, 22 Kan. App. 2d 768, 771, 921

P.2d 257 (1996). In our view, that statement is overbroad. Rather, it appears to us that K.S.A. 44-510e(a) merely creates a narrow exception to the general rules of K.S.A. 44-519. While a medical report must normally be supported by a health care provider's testimony, the administrative law judge may consider the report of an independent health care provider regarding a claimant's *functional impairment* without the health care provider's supporting testimony. See *McKinney*, 22 Kan. App. 2d at 772." 23 Kan. App. 2d at 593.

It is clear that in K.A.R. 51-3-5a, the administrative regulation relating to preliminary hearings, previously set forth, a special rule has been fashioned to allow medical reports or records to be considered by the ALJ at the preliminary hearing. The specific requirement and literal application of K.S.A. 44-519, however, is preserved in the regulation, which states:

"However, the reports shall not be considered as evidence when the administrative law judge makes a final award in the case, unless all parties stipulate to the reports, records or statements or unless the report, record or statement is later supported by the testimony of the physician, surgeon or other person making the report, record or statement." K.A.R. 51-3-5a.

Rather than rendering this statute without practical effect, this regulation clearly upholds the requirement that 44-519 must be followed as written.

Workers compensation proceedings have been and remain adversarial proceedings. Hearings are held before ALJ's. K.S.A. 44-523(b). Awards are entered. K.S.A. 44-523(c). Appeals are authorized. K.S.A. 44-551, K.S.A. 44-556. Attorneys represent claimants, respondents, insurance carriers, and self-insureds. It is essential that a record exists upon which a measured award can be entered and a meaningful appeal can be taken.

We are not unaware of the decisions holding that " '[t]he rules of evidence, K.S.A. 60-401 *et seq.*, are not applicable in workers' compensations proceedings. [Citations omitted]. The admissibility of evidence is more liberal in compensation cases, not more restrictive.' " *Rodriguez v. Henkle Drilling & Supply Co.*, 16 Kan. App. 2d 728, 738, 828 P.2d 1335, *rev. denied* 251 Kan. 939 (1992) (quoting *Box v. Cessna Aircraft Co.*, 236 Kan. at 243-44). History, however, shows that the predecessor statute to K.S.A. 44-519 was enacted in 1927. L. 1927, ch. 232, § 18. This statute has only been

amended once, which was in 1990 to expand its scope to health care providers, as we have previously discussed. The workers compensation system has been well served by requiring the opinions of experts to be based on testimony subject to cross-examination, and if this is to be changed, we believe the legislature should do so and not this court. We do not perceive the burden which is placed on claimants or respondents to be onerous. If lesser standards are to be adopted, we are confident they can be provided for by legislative action after full public involvement. See, *e.g.*, *Injured Workers of Kansas v. Franklin*, 262 Kan. 840, 942 P.2d 591 (1997) (upholding 1993 amendments to Workers Compensation Act which made substantial changes).

Finally, we hold this is one of those cases where the ruling of the Board should be considered persuasive, is entitled to great judicial deference, and carries with it a strong presumption of correctness. See *Zivanovic*, 261 Kan. 191, Syl. ¶¶ 2-4.

We accepted review of this matter to consider the Court of Appeals' construction of K.S.A. 44-519. The Court of Appeals did not comment on or base its decision on appellees' acquiescence argument, nor will we do so in this opinion.

The decision of the Court of Appeals is reversed. The decision of the Workers Compensation Board is affirmed.

LOCKETT, J., not participating.

RICHARD W. WAHL, Senior Judge, assigned.