No. 123,406

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DEBBIE L. GERLACH,
*Appellee*,

v.

CHOICES NETWORK, INC. FISCAL AGENT HCBS and
QBE INSURANCE CORPORATION,
*Appellants*,

and

KANSAS WORKERS COMPENSATION FUND,
*Appellee*.


SYLLABUS BY THE COURT


1.

The burden of proving the invalidity of the agency action rests on the party asserting such invalidity.


2.

When an appellant argues that the Workers Compensation Board erroneously applied the law to undisputed facts, appellate courts exercise de novo review.


3.

When exercising unlimited review on questions of statutory interpretation, an appellate court owes no deference to interpretations given to the Workers Compensation Act by the Workers Compensation Board.


1

4.

When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and the appellate court should refrain from reading something into the statute that is not readily found in its words.

5.

Under K.S.A. 2016 Supp. 44-523(f)(1), a workers compensation claimant must move for an extension within three years of filing an application for hearing if the claim is to survive a proper motion to dismiss. However, any further extensions thereafter are at the sole discretion of the administrative law judge for good cause shown.

6.

When a party asks an appellate court to read an unstated statutory purpose into the clear text of a statute, the appellate court has no authority to disregard the clear text of the statutory language and to read the unstated statutory purpose into the statute that is not readily found in the clear text of the statute.

Appeal from Workers Compensation Board. Opinion filed November 12, 2021. Affirmed.

*Ryan D. Weltz*, of Wallace, Saunders, Chartered, of Overland Park, for appellants.

*Jan L. Fisher*, of McCullough, Wareheim & LaBunker, of Topeka, for appellee Debbie L. Gerlach.

*Matthew R. Bergmann*, of Frieden & Forbes, LLP, of Topeka, for appellee Kansas Workers Compensation Fund.

Before ARNOLD-BURGER, C.J., GREEN and BUSER, JJ.

GREEN, J.: Debbie L. Gerlach filed this workers compensation claim and then moved to extend the deadline to resolve the claim beyond the three-year statutory deadline. The administrative law judge (ALJ) granted her extension under K.S.A. 2016 Supp. 44-523(f)(1). After the extended deadline had passed, Gerlach requested another extension. But Choices Network, Inc. and QBE Insurance Company (Choices Network) moved to dismiss the claim because the extended deadline had passed. The ALJ denied the motion to dismiss and proceeded to adjudicate Gerlach's claim. The Workers Compensation Appeals Board (the Board) affirmed.

On appeal, Choices Network argues that the ALJ's jurisdiction over the case lapsed once the extended deadline passed. Gerlach claims that Choices Network asks us to read into the statute an additional requirement which does not exist in the language of the statute. Gerlach states that K.S.A. 2016 Supp. 44-523(f)(1) did not require that she request her second extension before the first extension expired. Because Choices Network fails to meet its burden to show that the Board's rulings were erroneous, we affirm. Also, because we are affirming, we need not address Choices Network's reimbursement for compensation argument.

FACTS

Sixty-three-year-old Debbie Gerlach tripped and fell on uneven pavement during the course of her employment as a personal attendant for mentally challenged and handicapped adults. The injury occurred on November 24, 2014, and the insurer authorized treatment. On May 4, 2015, Gerlach had an MRI done on her left knee. The radiologist determined Gerlach suffered an anterior cruciate ligament (ACL) tear. But her primary care provider charted the injury as a medial meniscus tear. The insurance carrier did not authorize treatment for either an ACL tear or a medial meniscus tear and Gerlach's knee went untreated. On May 29, 2015, Gerlach filed an application for hearing with the Division of Workers Compensation.

3

Before the statutory deadline of May 29, 2018, Gerlach moved to extend the time for hearing under K.S.A. 2016 Supp. 44-523(f)(1) because she had not yet reached maximum medical improvement (MMI). The ALJ issued an agreed order—approved by the parties—extending the deadline for a regular hearing to November 29, 2018. That deadline came and went without further action from the parties.

On March 5, 2019, the ALJ contacted the parties to ask about the status of the case. On March 8, 2019, Choices Network moved to dismiss Gerlach's claim. On March 11, 2019, Gerlach moved to extend the deadline because she still had not reached MMI. The ALJ denied the motion to dismiss and granted the motion to extend time because Gerlach still had not achieved MMI.

Choices Network appealed the ALJ's decision to extend the time for hearing. Choices Network also impleaded the Kansas Workers Compensation Fund (the Fund), arguing that if the Board dismissed Gerlach's claim then that dismissal would be considered a final disposition at a full hearing for purposes of employer reimbursement. Instead, the Board dismissed Choices Network's appeal from the extension of time order as interlocutory.

Gerlach moved to extend the time for a regular hearing two more times. Choices Network renewed its objection to the previous extension and objected to the new extensions. The ALJ granted Gerlach's requested extensions.

The ALJ held a regular hearing in May 2020 and awarded compensation to Gerlach in July 2020. Choices Network appealed the award, arguing that the ALJ erred by extended the time for a hearing and by not dismissing Gerlach's claim. The Board affirmed the ALJ, ruling that once Gerlach established good cause to extend the deadline by filing her first extension then her claim remained viable until good cause no longer existed.

4

Choices Network timely appeals.

## ANALYSIS

Choices Network argues that a strict reading of K.S.A. 2016 Supp. 44-523(f)(1) required the ALJ to dismiss Gerlach's action because her second request for extension went beyond her first extension request. On appeal, the burden of proving the invalidity of the agency action rests on the party asserting such invalidity. K.S.A. 77-621(a)(1); *Estate of Graber v. Dillon Companies*, 309 Kan. 509, 513, 439 P.3d 291 (2019).

The Kansas Judicial Review Act (KJRA), K.S.A. 77-601 et seq., governs this court's review of cases arising under the Workers Compensation Act (the Act), K.S.A. 2020 Supp. 44-501 et seq. K.S.A. 2020 Supp. 44-556(a). The standard of review varies depending on the issue raised. See K.S.A. 77-621 (defining and limiting scope of review of administrative decisions under KJRA).

When the appellant argues that the Board erroneously applied the law to undisputed facts, appellate courts exercise de novo review. *Mera-Hernandez v. U.S.D. 233*, 305 Kan. 1182, 1185, 390 P.3d 875 (2017).

"When exercising unlimited review on questions of statutory interpretation, an appellate court owes no deference to interpretations given to the Act by the [Board]." *Estate of Graber*, 309 Kan. 509, Syl. ¶ 2.

Under K.S.A. 2020 Supp. 44-523(a) of the Workers Compensation Act, neither the ALJ nor the Board is "bound by technical rules of procedure." "Technical rules of procedure" refers to the Kansas Rules of Civil Procedure and particularly the Kansas evidence rules. *Roberts v. J.C. Penney Co.*, 263 Kan. 270, 277-78, 949 P.2d 613 (1997).

The Workers Compensation Act

> "'undertook to cover every phase of the right to compensation and of the procedure for obtaining it, which is substantial, complete and exclusive, and we must look to the procedure of the act for the methods of its administration. Rules and methods provided by the [C]ode of [C]ivil [P]rocedure not included in the act itself are not available in determining rights thereunder.'" *Schmidtlien Electric, Inc. v. Greathouse*, 278 Kan. 810, 831, 104 P.3d 378 (2005) (quoting *Jones v. Continental Can Co.*, 260 Kan. 547, 557, 920 P.2d 939 [1996]).

But see *Nguyen v. IBP, Inc.*, 266 Kan. 580, 589, 972 P.2d 747 (1999) (ruling that although the Workers Compensation Act is complete in and of itself, procedures must be adequate to provide constitutional due process).

Choices Network begins its argument with a throat-clearing headnote: "Strict Construction is the Only Appropriate Statutory Interpretation." Choices Network argues that our Supreme Court's recent decisions have included directions to apply the literal language of the Kansas Workers Compensation Act: "A statute should not be read to add that which is not contained in the language of the statute or to read out what, as a matter of ordinary language, is included in the statute." *Casco v. Armour Swift-Eckrich*, 283 Kan. 508, Syl. ¶ 6, 154 P.3d 494 (2007). Thus, "[t]he court will not speculate on legislative intent and will not read the statute to add something not readily found in it." *Bergstrom v. Spears Manufacturing Co.*, 289 Kan. 605, 608, 214 P.3d 676 (2009). Choices Network provides this "paradigm for review of the statute" as its basis for dismissing Gerlach's claim under K.S.A. 2016 Supp. 44-523(f)(1).

But the plain text of K.S.A. 2016 Supp. 44-523(f)(1) is limited to discussion of the first extension of the deadline to complete litigation:

"In any claim that has not proceeded to a regular hearing, a settlement hearing, or an agreed award under the workers compensation act within three years from the date of filing an application for hearing pursuant to K.S.A. 44-534, and amendments thereto, the employer shall be permitted to file with the division an application for dismissal based on lack of prosecution. The matter shall be set for hearing with notice to the claimant's attorney, if the claimant is represented, or to the claimant's last known address. The administrative law judge may grant an extension for good cause shown, which shall be conclusively presumed in the event that the claimant has not reached maximum medical improvement, provided such motion to extend is filed prior to the three year limitation provided for herein. If the claimant cannot establish good cause, the claim shall be dismissed with prejudice by the administrative law judge for lack of prosecution. Such dismissal shall be considered a final disposition at a full hearing on the claim for purposes of employer reimbursement from the fund pursuant to subsection (b) of K.S.A. 44-534a, and amendments thereto."

Choices Network notes that Gerlach met her obligation to establish good cause for extension within three years from the date of filing an application for hearing under K.S.A. 44-534. But Choices Network argues that the extension only shifted the date when the ALJ would lose jurisdiction to a new date:  "The agreed order in question, signed by the Court, provided a specific date by which the claimant had to perform the required acts of K.S.A. 44-523(f). Perform Action A by Date B, or Consequence C."

Yet, Choices Network's argument begs the question. The fallacy of begging the question is committed when a claim is dependent on another claim that is implicitly assumed but has not been proved to be true. *Pioneer Ridge Nursing Facility Operations v. Emery*, 41 Kan. App. 2d 414, 421, 203 P.3d 4 (2009). To, illustrate, Choices Network argues that a consequence is inherent in K.S.A. 2016 Supp. 44-523(f)(1) under *Glaze v. J.K. Williams*, 309 Kan. 562, 439 P.3d 920 (2019).

Timmy Glaze applied for a hearing with the Division of Workers Compensation but failed to move the claim to a regular hearing or settlement within three years. His

7

employer moved to dismiss. Our Supreme Court applied the relevant text from K.S.A. 2011 Supp. 44-523(f)(1): "'The administrative law judge may grant an extension for good cause shown provided such motion to extend is filed prior to the three-year limitation provided for herein.'" 309 Kan. at 566. The *Glaze* court held that the three-year limit functions as a time bar to moving for an extension. Choices Network argues that, under *Glaze*, a claimant's failure to timely move for extension takes away the ALJ's jurisdiction to do anything except dismiss the claim. Choices Network provides no citations in support of this argument other than the *Glaze* holding.

So Choices Network has offered the *Glaze* decision as a premise to justify the Consequence C (that K.S.A. 2016 Supp. 44-523[f][1] requires dismissal of Gerlach's action because she failed to move for her second extension before her first extension expired). But the *Glaze* facts are distinguishable from the facts in this case. An initial step in determining if an argument is valid is to ask: Are the premises true? Because only a valid argument with true premises can be relied on to have a true conclusion.

We note that Choices Network's reading of *Glaze* is uncontroverted. Gerlach does not dispute that the three-year limit bars extension motions. Instead, Gerlach argues that Choices Network tries to extend the *Glaze* holding in a way not supported by the ALJ's decision or by the statutory language of K.S.A. 2016 Supp. 44-523(f)(1). Indeed, Choices Network here makes a claim unsupported by the record because K.S.A. 2016 Supp. 44-523(f)(1) does not provide a "Consequence C" in its statutory purpose.

In pointing out the problem with Choices Network baseline proposition, the ALJ ruled as follows:

> "K.S.A. 44-523(f) does not address whether successive extensions of time may be granted or, if so, the procedure or requirements for obtaining successive extensions of time. Arguably, if injuries are so severe and complex that a claim is not ready to proceed

8

to Regular Hearing in three years, it may not be ready in four or five years. Once a timely motion or application to extend time is filed, the court is vested with jurisdiction to determine whether just cause exists to extend time to get to Regular Hearing. Having acquired jurisdiction to extend the time to get to Regular Hearing by the filing of a timely Motion to Extend, *the court's jurisdiction to further extend the time to get to Regular Hearing is only limited by the determination of good cause for an extension*."

The ALJ also pointed out that the original agreed order granting the first extension did not provide that the case would be dismissed if that deadline was missed. And the ALJ ruled that K.S.A. 2016 Supp. 44-523(f)(1) does not require dismissal if that deadline is missed. Affirming the ALJ, the Board ruled:

"K.S.A. 44-523(f) contains no language beyond the filing of a single motion to extend prior to the expiration of the three year limitation. The statute does condition the granting of such extension to circumstances constituting good cause, and good cause is presumed if Claimant is not at MMI. There is no language in the statute requiring the ALJ to dismiss the claim when there is a failure by Claimant to file subsequent motions to extend prior to the ALJ imposed deadline to proceed to hearing or settlement. The plain language rule does not allow adding requirements or language to the statute not already present. K.S.A. 44-523(f) only contains two conditions to keep a claim viable. First, Claimant must file a motion to extend prior to the expiration of the three year limitation. Second, good cause must exist for the claim to be extended. In this case, Claimant met both conditions. Plainly the statute does not contemplate more than 'a' or one motion to extend not multiple motions."

Choices Network, however, disputes the Board's reasoning, arguing that the need for an additional action to be taken is inherent to the act of requesting an extension. In support of its argument, Choices Network, in its brief, relies on a legal definition. It argues the following: "Reliance upon a legal dictionary would furnish the same understood meaning: 'A period of additional time to take an action, make a decision, accept an offer, or complete a task.' *Black's Law* 7th Ed." But even this definition does not include the concept of a consequence for allowing this period to lapse. This definition

9

also does not evaluate which consequence would be appropriate. But Choices Network contends that the appropriate consequence for missing the extended deadline is dismissal. Choices Network asserts: "Missing the extended deadline must carry the same legal consequence of missing the original deadline." Again, Choices Network's argument presupposes what it endeavors to prove; namely, that K.S.A. 2016 Supp. 44-523(f)(1) required Gerlach to have made her request for a second extension before her first extension expired. Despite Choices Network's claim, K.S.A. 2016 Supp. 44-523(f)(1) contains no such statutory requirement.

Indeed, K.S.A. 2016 Supp. 44-523(f)(1) addresses the original deadline but is silent on any extended deadlines. Nevertheless, Choices Network ask us to read into the clear text of K.S.A. 2016 Supp. 44-523(f)(1) an unstated statutory requirement. We cannot do this. When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. *Johnson v. U.S. Food Service*, 312 Kan. 597, 600-01, 478 P.3d 776 (2021).

Choices Network, as the party challenging the agency action, bears the burden of proving that the action was invalid. *Estate of Graber*, 309 Kan. at 513. The Board ruled that Gerlach met the only two requirements to keep her claim viable: moving to extend the deadline within the three-year limit and showing good cause for an extension. We conclude that the Board's decision and the ALJ's award were properly made. Thus, we affirm. Because we are affirming, we need not address Choices Network's argument for reimbursement of compensation.

Affirmed.