No. 39,161

Boyd Bean and Pearl M. Crawford, *Plaintiffs-appellees*, v. Leroy Gibbens, *Defendant*, United States Fidelity and Guaranty Company, *Garnishee, Appellant.*

(265 P. 2d 1023)

Opinion filed January 23, 1954.

*George R. Gould,* of Dodge City, argued the cause, and *George Gould, Jr.,* of Dodge City, was with him on the briefs for the appellant.

*John Staley Holden,* of Cimarron, argued the cause and *E. C. Minner* and *Harry A. Waite,* both of Dodge City, were with him on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This in its inception was an action for wrongful death. The plaintiffs obtained judgment against the defendant. They then instituted garnishment proceedings against the insurance company to collect judgment. The insurance company answered it owed the defendant nothing. Plaintiffs elected to take issue on that answer. The trial court gave judgment in favor of plaintiffs and against the insurance company garnishee. The insurance company has appealed.

There is not a great deal of dispute about the ultimate facts. The plaintiffs alleged all the facts necessary to state a cause of action for

wrongful death of their son. The answer admitted deceased had been operating defendant's truck; that he had to tow it into town and that Wilbur was killed while guiding it. He denied the death was caused by any of his acts. The jury returned a verdict in favor of plaintiffs for $5,000.

Plaintiffs and defendant each filed motions for a new trial. Upon the hearing they were withdrawn, whereupon judgment was entered for plaintiffs against defendant Gibbens in the amount of $5,000.

Execution was issued against Gibbens. It was returned with no levy and plaintiffs caused garnishment to be issued against the United States Fidelity and Guaranty Company requiring it to answer whether insurer was indebted to the defendant. It answered it owed defendant nothing. The plaintiffs gave proper notice to take issue on this answer. It was stipulated on the hearing that the insurance company had issued a public liability policy on this truck and it was in force at the time of the death of Wilbur. One paragraph of the policy was as follows:

"This policy does not apply: (d) under Coverages A and C to bodily injury or sickness, disease or death of any employee of the Insured while engaged in the employment, other than domestic, of the Insured."

The insurance company relies upon that clause to escape liability in this case.

The insurance company's lawyer appeared at the trial of the case between the plaintiffs and defendant. It was agreed at the pretrial conference on the hearing of the garnishment proceedings that he had only appeared there because the company had agreed to defend any suit against Mr. Gibbens, whether valid, invalid or otherwise.

The trial of the garnishment proceedings was had on the issue of whether Wilbur was an employee of Gibbens when he was killed and whether the counsel for the insurance company had given notice at the trial that it disclaimed liability on behalf of the insurance company. The court found the facts about as they have been detailed here.

Finding 6 was to the effect that defendant instructed Wilbur as to how to guide the truck; that he should not drive fast and he should not start the motor. Finding 17 was as follows:

"The task performed by said Wilbur Leroy Bean for defendant was occasional, incidental, casual and a neighborly act."

The conclusions of law were that Wilbur was not an employee within the meaning of the exclusion clause in the policy involved; that the company did not waive its right to disclaim liability herein under the exclusion clause in the policy; and plaintiffs were entitled to judgment against garnishee in the sum of $5,000, with interest at the rate of six percent per annum, including attorney fee in the sum of $25.

The insurance company filed its motion for a new trial and to set aside finding of fact No. 17 and conclusions of law 1 and 3 and to set aside the judgment rendered, and for judgment for the garnishee.

These motions were all overruled. Judgment was entered for plaintiffs.

The plaintiffs moved to set aside the judgment and finding of fact that the company had not waived its right to defend the action upon the ground that decedent was not an employee of defendant. This motion was overruled. Only the garnishee insurance company has appealed.

The specifications of error were, the court erred in finding that Wilbur was not an employee of Gibbens at the time of his death and in entering judgment in favor of the plaintiffs and against the garnishee.

The insurance company argues since there was no dispute in the evidence but that Gibbens instructed Wilbur how he was to manage the truck and since the trial court so found and since Gibbens had the right of control and exercised it Wilbur must have been his employee as a matter of law.

The language in the insurance policy where there is any ambiguity at all will be interpreted in favor of the insured. (See *Braly v. Commercial Casualty Ins. Co.*, 170 Kan. 531, 227 P. 2d 571.)

The real question was the fundamental relationship between Gibbens and Wilbur under all the surrounding facts and circumstances. The word "employee" as defined in the New Century Dictionary is:

"A person who is in the employ or regular working service of another, as a clerk, workman, etc."

Black's Law Dictionary, 3d Ed. at page 657, defines the word "employee" as follows:

"This word 'is from the French, but has become somewhat naturalized in our language. Strictly and etymologically, it means "a person employed," but in practice in the French language, it ordinarily is used to signify a person in

some official employment, and as generally used with us, though perhaps not confined to any official employment, it is understood to mean some permanent employment or position.'"

On the same page Mr. Black defines the word "employ" as follows:

"To engage in one's service; to use as an agent or substitute in transacting business; to commission and intrust with the management of one's affairs; and, when used in respect to a servant or hired laborer, the term is equivalent to hiring, which implies a request and a contract for a compensation, and has but this one meaning when used in the ordinary affairs and business of life."

Also, C. J. S., Vol. 56, page 27, defines "employee" as follows:

"'Employee' has also been defined as a person in constant and continuous service, one who performs services for another for a financial consideration exclusive of casual employment."

Citing *Daub v. Maryland Casualty Co.*, 148 S. W. 2d 58, 60 *certiorari quashed, State ex rel. Maryland Casualty Co. v. Hughes,* 164 S. W. 2d 274, 349 Mo. 1142.

There is no dispute in the evidence here but that Wilbur was helping his father when Gibbens came along and asked if he would drive the truck in for him. Nothing was said about any pay. No pay was offered him. There was no understanding on the part of the father there would be any pay. The evidence was enough to sustain Finding 17 that the task performed by Wilbur was occasional, incidental, casual and a neighborly act. This clearly takes it out of the meaning of the word "employee" as used in this insurance policy.

The judgment of the trial court is affirmed.