ELAINE PREESE v. BOY SCOUTS OF
AMERICA AND ANOTHER.

167 N. W. (2d) 737.

April 25, 1969—No. 41444.

*Rischmiller & Wasche* and *Robert Wm. Rischmiller,* for relator.

*Hansen, Hazen, Dordell & Bradt, Lawrence Hazen,* and *Wayne P. Dordell,* for respondents.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

SHERAN, JUSTICE.

Certiorari to review a decision of the Workmen's Compensation Commission. On May 6, 1965, Elaine Preese was injured when struck by debris during a tornado which struck the Parkview School in Fridley, Minnesota.

A petition for workmen's compensation was filed by Mrs. Preese on the theory that at the time and place of this accident she was employed by the Boy Scouts of America and was entitled to the benefits provided by the Workmen's Compensation Act. The referee to whom the matter was assigned for hearing found that at the time of the accident Mrs. Preese was performing services at a meeting of an institutional unit of the St. Anthony District of the Boy Scouts of America as a volunteer worker and not pursuant to a Minnesota contract of hire and without any remuneration of money or anything of monetary value. On this basis, he denied the claim for compensation. Upon appeal to the Workmen's Compensation Commission, the determination of the referee was affirmed, Commissioner C. H. Schaefer filing a supporting memorandum which reads as follows:

"Pat Preese and Elaine Preese have two children, a son and a daughter. In May, 1965, Pat Preese was an institutional representative in the Viking Council, Boy Scouts of America, and his son a member of a cub scout pack. Elaine Preese was an assistant girl scout leader and her daughter a

member of the girl scouts. Mr. and Mrs. Preese were both gainfully employed.

"Prior to May 6, 1965, the St. Anthony district scout representatives made plans for a recognition and business dinner meeting including election of officers for the next year. Pat Preese, as representative of the Riverwood Parent Teacher Association which held a 'Pack Charter' from the Boy Scouts of America, was appointed dinner chairman. To keep the cost at a minimum, a pot luck dinner was planned. A charge of 50 cents per person was made to defray the cost of rental to be paid to the Parkview School at Fridley, and for coffee, ice cream and other incidentals. At the request of her husband, Mrs. Preese agreed to make the necessary purchases and assist with the serving at the dinner.

"While the meeting was in progress, a tornado destroyed the school building and Mrs. Preese sustained injuries resulting in quadriplegia.

"The Viking Council has a professionally paid staff of 20 men and 12 women and has approximately 9,000 registered volunteer adult members. There are in excess of 700 scouting units in the Viking Council. The volunteers paid a $1.00 a year membership fee and perform the duties of the various units on a voluntary basis without pay.

"It is the contention of the petitioner that the benefits going to boys from the boy scout organization are of substantial value and are a return to parents for their unpaid service to the organization and as such constitutes a relationship bringing the parties within the purview of the Workmen's Compensation Act.

"A claim of workmen's compensation must be based upon an injury resulting from employment rendered pursuant to a contract of hire either express, implied or statutory. In M. S. 176.011, Subd. 9, an employee is defined: 'Employee means any person who performs service for another for hire * * *.' Employer is defined in Subd. 10 as: 'Employer means any person who employs another to perform a service for hire * * *.'

"It is clear that in the absence of the services of the volunteers, costs would be prohibitive and consequently the organizations could not exist. However, the same is true of most patriotic, charitable and religious organizations. The fact that a benefit inures to the volunteer as a result of the

service does not imply a contractual relationship of employer and employee.

"The parents rendering services to the boy scouts receive no pay or return for the service beyond the knowledge of personal satisfaction from a service to a worthwhile organization and the knowledge that their boys are receiving help and guidance in their formative years, which might otherwise not be available. The same benefits were received by scouts whose parents do not render voluntary services.

"The Commission recently had before it another matter involving volunteer service to a religious organization wherein a determination was made that relationship of employer and employee did not exist. Bank v. Mikro Kodesh Congregation, 24 W. C. D. 55. See also Larson, Workmen's Compensation Law, Par. 47.00, 47.41, and 47.41A for a further discussion and citation of cases.

"In Hanson v. St. James Hotel, 191 Minn. 315, 254 N. W. 4, 8 W. C. D. 135, a charitable organization giving food and lodging to indigent persons and receiving a small service in return was held not to be an employer. Therefore, it is quite clear that the mere receipt of some return for services rendered does not constitute an employer-employee relationship.

"M. S. 176.011, Subd. 9, provides for compensation benefits for injuries to volunteers rendering service in public institutions where such volunteer services have been accepted or contracted for and for benefits to volunteers in the Civil Defense program. A similar provision is found in 5 U.S.C.A., paragraph 790B(2), providing for acceptance of volunteer services in Federal institutions when authorized by an Act of Congress, see McNicholas vs. United States, 226 Fed. Supp. 965 (Ill. 1964).

"The Commission, therefore, holds that Mrs. Preese did not render a service pursuant to a contractual obligation nor was it such a service as contemplated by the statute covering voluntary public service. Consequently, there is no authority for award of workmen's compensation benefits for this most tragic occurrence."

In our judgment, the decision of the commission must be affirmed for the reasons stated by Commissioner Schaefer. No doubt, Mrs. Preese considered the opportunity afforded by scouting programs including camping

opportunities to be of benefit to her son, but these opportunities would have been available to him whether Mrs. Preese was helping with the May 6, 1965, dinner or not. She was not performing her services in exchange for benefits which would be available to her son only because of her work.

Respondents also argue that the injury which occurred was not one which arose out of and during the course of the work in which Mrs. Preese was engaged. It is unnecessary for us to consider that phase of the matter and we do not. The decision of the Workmen's Compensation Commission is affirmed.

Affirmed.