ROBERT J. PHILLIPS v. MURPHY FINANCE
COMPANY AND OTHERS.

189 N. W. (2d) 710.

September 3, 1971—No. 42691.

*Michael Baglio* and *Ray Fitch,* for relators.

*Raymond O. Adel,* for respondent employee.

*James G. Nye, Jr.,* for respondents Twin City Exchange and St. Paul Fire & Marine.

Heard before Knutson, C. J., and Nelson, Rogosheske, Peterson, and Kelly, JJ.

PETERSON, JUSTICE.

Employee-respondent, Robert J. Phillips, sustained compensable injuries in the course of his employment. The issue, upon review of the decision of the Workmen's Compensation Commission, concerns which of two organizations is the employer responsible for the payment of compensation: Relator Murphy Finance Company or respondent Twin City Exchange, Inc.

Murphy Finance Company (hereafter Murphy) is engaged in the business of consumer finance. Twin City Exchange, Inc., (hereafter Exchange) is an organization with a membership comprised of 62 of the 63 companies doing business in the Minneapolis and St. Paul metropolitan area under the Minnesota Small Loan Act. Exchange serves as a clearing house to provide information to its member firms concerning loans made by other member firms to loan applicants. The operating expenses of Exchange are funded by monthly dues paid by its member firms. The branch and office managers of these firms serve as voting members of Exchange without compensation, but Exchange employs five full-time salaried employees to perform its day-to-day detailed work.

Robert J. Phillips is regularly employed by Murphy under a contract for hire as branch manager of its St. Paul office. He, like the branch and office managers of the other member firms, automatically became a voting member of Exchange. He was elected to the board of directors of Exchange by the other voting members in 1966, and in 1967 he was elected to the position of its secretary-treasurer. His part-time activity with Exchange involved attending board meetings and going to its office once or twice a month to sign checks. He was paid no remuneration

by Exchange, his activities there being performed during his normal working hours for Murphy for which he was paid a salary by Murphy.

On November 3, 1967, while Phillips was at the Exchange office to sign checks, he volunteered to fix a filing cabinet for the women employees. While doing so, he sustained a back injury. The commission, reversing the decision of the compensation judge, held that Murphy, and not Exchange, was the employer, so that Murphy and its insurer, Continental Insurance Company, were responsible for payment of workmen's compensation. We affirm.

The existence of an employer-employee relationship is the essential basis of recovery under the Workmen's Compensation Act. Krause v. Trustees of Hamline University, 243 Minn. 416, 68 N. W. (2d) 124. To recover compensation under the statute, the claimant must show that his injury arose "out of and in the course of *employment*." (Italics supplied.) Minn. St. 176.021, subd. 1.

The statute does not itself define in detail what constitutes an employment relationship: It defines "employee" as "any person who performs services for another for hire" and "employer" as "any person who employs another to perform a service for hire." Minn. St. 176.011, subds. 9, 10. Judicial definition has been shaped by reference to such familiar factors as hiring and discharge, payment of compensation, furnishing of materials or tools, control of premises where the work is done, and right to control the means and manner of performance. Otten v. University Hospitals, 229 Minn. 488, 493, 40 N. W. (2d) 81, 85.

We think that a reasonable appraisal of Phillips' employment situation in accordance with these factors fully supports the commission's conclusion that he was not "an employee" of Exchange and that his injury arose out of and in the course of his employment by Murphy.

We have in numerous cases held that a volunteer worker may not recover workmen's compensation since the statute specifical-

ly requires that an injury, to be compensable, must arise out of service performed pursuant to a contract for hire, express or implied. Holm v. H & S Asphalt Co. 283 Minn. 330, 167 N. W. (2d) 743; Preese v. Boy Scouts of America, 283 Minn. 284, 167 N. W. (2d) 737; Hanson v. St. James Hotel & Union City Mission, 191 Minn. 315, 254 N. W. 4. From the standpoint of Exchange, Phillips was a volunteer, neither acting pursuant to any contract for hire nor receiving any wages or other personal remuneration from Exchange.

From the standpoint of Murphy, however, Phillips was not acting as a volunteer when he performed services for Exchange, but rather, his participation in Exchange's activities was for Murphy's benefit. As the commission indicated, Murphy expected, and for all practical purposes required, Phillips to be an active participant in Exchange's work, a participation which just as obviously continued only at the pleasure of Murphy.

Affirmed.

Mr. Justice Otis took no part in the consideration or decision of this case.