(618 P.2d 859)

No. 50,918

*In re* GERARD M. MCGHEE

GERARD M. MCGHEE, *Appellant,* v. STATE APPEALS COMMITTEE, KANSAS SOCIAL AND REHABILITATION SERVICES, *Appellee.*

Opinion filed October 31, 1980.

*James E. Sanders,* of Legal Aid Society of Topeka, Inc., for appellant.

*Stephen J. Craeton,* of Topeka, for appellee.

Before FOTH, C.J., SWINEHART and MEYER, JJ.

MEYER, J.: In February 1978, Gerard M. McGhee (appellant) joined Volunteers in Service to America (VISTA). He was at that time a recipient of benefits under the Kansas General Assistance Program (K.S.A. 1979 Supp. 39-702 *et seq.*), as he was unemployed. His service commitment to VISTA is for one year, renewable up to five years. He works for the Legal Aid Society of Topeka at least 40 hours per week. He receives a stipend of $250.00 per month from the federal government.

Appellant failed to register for or participate in work projects, which are prerequisites to obtaining general assistance, unless he comes within an exception to such requirements. Because he failed to register, his general assistance benefits were cut off July 31, 1978. He was granted a hearing before the SRS Appeals Committee concerning his refusal to meet this condition of eligibility. Appellant claimed he should be exempt from said requirements because of his VISTA commitment. The argument was rejected by the SRS Appeals Committee by decision of October 23, 1978. On February 8, 1979, the district court affirmed the SRS Appeals Committee and granted summary judgment against appellant. This appeal followed.

The first issue is whether a VISTA worker is "employed full time" and thus within the exemption from the work registration requirement.

The applicable regulations which were passed pursuant to K.S.A. 1979 Supp. 39-708c and 39-709 are set out below.

K.A.R. 1979 Supp. 30-4-14(c)(5) provides:

*"Employment registration requirements.* An applicant or recipient, unless exempted, must be registered for employment with the division of employment, state department of human resources (job services center)."

K.A.R. 1979 Supp. 30-4-14(c)(5)(A) provides:

*"Exemptions.* The persons listed below are exempt from registration:

. . . .

"(xi) A person who is employed full time. . . . For GA . . . full time is defined as forty (40) hours per week (or its equivalent) or at least employment to the client's potential."

K.A.R. 1979 Supp. 30-4-14(c)(5)(B) provides:

*"Failure to register.* Mandatory registrants who are not registered are to be advised of their right to a fair hearing and of the consequences of their refusal to meet this condition of eligibility. . . . Failure of a nonexempt GA . . . client to be registered for employment shall render that individual . . . ineligible for participation in the public assistance program."

The dispute revolves around the interpretation of the words "employed full time." Appellant is challenging the interpretation of "employed," stating that "employed" would encompass full-time volunteer work, such as he is doing for VISTA. Therefore, he argues, he should be exempted from the work registration requirement.

The scope of review of the district court and appellate courts when administrative decisions are involved was restated in *Kansas State Board of Healing Arts v. Acker,* 228 Kan. 145, 153, 612 P.2d 610 (1980):

" 'A district court may not, on appeal, substitute its judgment for that of an administrative tribunal, but is restricted to considering whether, as a matter of law, (1) the tribunal acted fraudulently, arbitrarily or capriciously, (2) the administrative order is substantially supported by evidence, and (3) the tribunal's action was within the scope of its authority. (*Kansas Ass'n of Public Employees v. Public Service Employees Union,* 218 Kan. 509, Syl. ¶ 1, 544 P.2d 1389 [1976].)' *Behrmann v. Public Employees Relations Board,* 225 Kan. 435, Syl. ¶ 7, 591 P.2d 173 (1979)."

The dispute involves the interpretation of a regulation. *Bill George Chrysler-Plymouth, Inc. v. Carlton,* 216 Kan. 365, Syl. ¶ 1,

532 P.2d 1351 (1975), sets out the standard of review with regard to administrative interpretation of statutes:

"Where facts are undisputed the applicability of a statute to the facts is a question of statutory construction to be determined by the court."

Further,

"The interpretation placed upon a statute by an administrative body, whose duties are to carry the legislative policy into effect, should be given consideration and weight when the statute is unambiguous and the intent of the legislature is not clear. But the court need not follow an administrative interpretation placed upon the statute when the interpretation of the administrative body is erroneous." 216 Kan. 365, Syl. ¶ 2.

The same scope of review applies to interpretation of regulations promulgated pursuant to statute.

There does not appear to be any case law which resolves this dispute with regard to the meaning of employment for purposes of this regulation.

VISTA employment is unique, and no cases have been cited to us, nor have we found any, where employment was defined in relation to such activity. The following are cases which do contain various definitions of employee or employment.

In *Bean v. Gibbens,* 175 Kan. 639, 265 P.2d 1023 (1954), the issue was whether the deceased was an employee of the insured within the meaning of an insurance policy. The policy, issued to cover a certain truck, excluded coverage for injuries or death of an employee of insured while engaged in employment. The court held that in this case the offer to drive the truck was an occasional, incidental, casual and neighborly act. Nothing was said about pay. Hence, the deceased was held not to be an employee.

The court cited Black's Law Dictionary, 3d Ed. at page 657, for the definition of the word "employ":

" 'To engage in one's service; to use an agent or substitute in transacting business; to commission and intrust with the management of one's affairs; and, when used in respect to a servant or hired laborer, the term is equivalent to hiring, which implies a request and a contract for a compensation, and has but this one meaning when used in the ordinary affairs and business of life.' " 175 Kan. at 642.

The court also cited a definition of "employee" found in C.J.S. Vol. 56, page 27:

" ' "Employee" has also been defined as a person in constant and continuous service, one who performs services for another for a financial consideration exclusive of casual employment.' " 175 Kan. at 642.

In *St. Aubyn v. Thogmartin,* 206 Kan. 62, 476 P.2d 248 (1970), the dispute involved the applicability of a fellow employee exclusionary clause in an insurance policy. The insured had gone on a hunting trip and the alleged employee had driven the insured vehicle at the insured's request in order to deliver the morning paper. The trial court found that the appellee had "volunteered" to drive the vehicle without any agreement for compensation and a subsequent $5.00 payment was a gratuity. It concluded appellee, therefore, was not an employee within the meaning of the policy. The appellate court affirmed, citing 12 Couch on Insurance 2d, § 45.610, page 560:

" 'A person is not an employee by virtue of the fact that he does work or performs services for another when he does so merely as a favor for such other person. . . .' " 206 Kan. at 67.

Several jurisdictions have recognized that "volunteers" who do not receive payment for their services are not "employees" for the purposes of Workmen's Compensation. See *Chicago Bd. of Ed. v. Industrial Com.,* 53 Ill. 2d 167, 290 N.E.2d 247 (1972) (student doing volunteer work to fulfill university requirements for degree); *Preese v. Boy Scouts of America,* 283 Minn. 284, 167 N.W.2d 737 (1969) (person volunteering help to Boy Scouts of America); *Marcus v. Frankford Hospital, Aplnt.,* 445 Pa. 206, 283 A.2d 69 (1971) (candy-striper).

We note, however, that appellant herein is paid $250.00 per month, and the evidence is undisputed that he works at least 40 hours per week. While his pay for such work might be less than adequate, it is not negligible. We are not persuaded that a designation of "volunteer" of appellant precludes him from being an employee within the meaning of the act. Furthermore, we do not consider it determinative of the issue herein that appellant's services are performed for legal aid whereas his payment is received from the federal government. This does not deprive him of employment status. We, therefore, conclude that appellant is in fact "employed full time" and thus comes within the exemption from the work registration requirements of the Kansas General Assistance program.

Federal law in effect at the time relative to the instant case is stated at 42 U.S.C. § 5044(g), which provides as follows:

"Notwithstanding any other provision of law except as may be provided expressly in limitation of this subsection, payments to volunteers under this

chapter shall not in any way reduce or eliminate the level of or eligibility for assistance or services any such volunteers may be receiving under any governmental program."

This statute forbids the reduction of appellant's assistance under the state statute, and the $250.00 per month he receives may not be deducted from the assistance he receives.

Since our holding as to appellant's first issue on appeal is as stated above, we need not address the question as to whether the work registration regulations are invalid under the Supremacy Clause of the United States Constitution.

The judgment of the district court is reversed with instructions to enter judgment in favor of appellant in accordance with the views expressed herein.

Reversed with instructions.