(67 P.3d 168)
No. 88,757

DOYCE BATES, *Appellant*, v. STATE OF KANSAS, DEPARTMENT OF CORRECTIONS, *Appellee*.

Opinion filed April 25, 2003.

*Mark Beam-Ward* and *Lisa Maturo*, of Hill, Beam-Ward & Kruse, LLC., of Overland Park, for the appellant.

*Lisa Mendoza* and *Edward F. Britton, Jr.*, special assistant attorneys general, for the appellee.

Before MARQUARDT, P.J., LEWIS and PIERRON, JJ.

PIERRON, J: Doyce Bates appeals from the district court's grant of summary judgment to the State of Kansas, Department of Corrections (DOC) in his personal injury action.

On April 7, 1998, inmate Bates was operating a road grader at the Lansing Correctional Facility. While operating it, he suffered severe injuries including crush injuries to his pelvis and back as well as a severed urethra.

Bates subsequently filed suit against the State and the DOC in the district court in connection with the accident. The case was dismissed on November 1, 2001, for lack of subject matter jurisdiction due to Bates' alleged failure to exhaust administrative remedies.

Bates then filed a claim with the legislature's joint committee on special claims against the State (joint committee). The joint committee denied the claim following a hearing on December 14, 2001. Bates refiled his claim in district court on January 16, 2002. The State moved for summary judgment, and the court sustained the motion, again for the alleged failure to show exhaustion of administrative remedies. Bates appeals.

Bates argues the court's rationale for its decision, that he had failed to exhaust his administrative remedies, is incorrect.

Regarding appellate review of summary judgments, " 'where [this court] find[s] reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied.'" *Mitchell v. City of Wichita*, 270 Kan. 56, 59, 12 P.3d 402 (2000) (quoting *Bergstrom v. Noah*, 266 Kan. 847, 871-72, 974 P.2d 531 [1999]).

Here, summary judgment was awarded based on Bates' alleged failure to exhaust administrative remedies. "An allegation that a party is required to or has failed to exhaust administrative remedies presents a question of law, and the appellate court's standard of review is unlimited. [Citation omitted.]" *In re Habeas Corpus Application of Pierpoint*, 271 Kan. 620, 622-23, 24 P.3d 128 (2001).

K.S.A. 75-52,138 provides:

"Any inmate in the custody of the secretary of corrections or in a county jail, prior to filing any civil action naming the state of Kansas, any political subdivision of the state of Kansas, any public official, the secretary of corrections, the warden, the sheriff, or an employee of the department of corrections or the county, while such employee is engaged in the performance of such employee's duty, as the defendant pursuant to the rules of civil procedure, shall have exhausted such inmate's administrative remedies, established by rules and regulations promulgated by the secretary of corrections or by county resolutions, concerning such civil action. Upon filing a petition in a civil action, such inmate shall file with such petition proof that the administrative remedies have been exhausted."

The applicable regulation in the present case is K.A.R. 44-16-104, which provides:

"(a) Claims for property loss or damage or personal injury may be submitted to the institution and secretary of corrections. If the loss is greater than $500.00, the claim may be filed with the joint legislative committee on claims against the state.

"(b) The inmate shall obtain a claim form from the unit team, fill it out and return it. The unit team shall provide the inmate with a receipt or a copy of the form indicating on it who received it, from whom and the date received. The unit team shall submit the claim to the principal administrator for investigation within 48 hours of receipt, excluding Saturdays, Sundays and holidays.

"(c) Each department of corrections institution shall maintain information and forms necessary for filing a claim to the joint committee on special claims against the state.

"(d) The principal administrator shall assure that the unit team assists the inmate in submitting a claim by providing information and any necessary claims forms.

"(e) All claims filed by inmates for lost or damaged property or personal injury shall be under oath."

In its letter awarding summary judgment to the State, the district court held that a claimant must file his or her claim with the penal institution or, in the alternative, with the joint committee using prescribed forms. The court also simply incorporated the State's memoranda arguments by reference for its additional findings.

The additional incorporated findings were: The inmate grievance procedure (grievance procedure) applies in the present case or should generally be followed; Bates' claim to the joint committee is unrelated to administrative remedies; the statute of limitations bars Bates' claim; and Bates was required to file his claim with the institution under K.A.R. 44-16-104(b).

Under K.S.A. 75-52,138, Bates was required to exhaust the remedies established in the Kansas Administrative Regulations for the Department of Corrections (Chapter 44) prior to filing a civil claim against the State. Specifically, the personal injury claim procedure is found at K.A.R. 44-16-102 *et seq.*

In interpreting administrative regulations, appellate courts are to grant considerable deference to an agency's interpretation of its own regulation, which should not be disturbed unless that interpretation is clearly erroneous or inconsistent with the regulation. *Murphy v. Nelson*, 260 Kan. 589, 595, 921 P.2d 1225 (1996).

The interpretation of a regulation promulgated by statute is treated the same as the interpretation of a statute. *In re McGhee*, 5 Kan. App. 2d 461, 463, 618 P.2d 859 (1980). In construing statutes and regulations, provisions should be analyzed *in pari materia* and with the view of reconciling and bringing them into workable harmony if possible. *State v. Bolin*, 266 Kan. 18, 24, 968 P.2d 1104 (1998).

The State argues that the grievance procedure applies to the present case. The grievance procedure is wholly within Chapter 44, Article 15 of the K.A.R. K.A.R. 44-15-101a(d)(2) expressly provides: "The grievance procedure shall not be used in any way as a

substitute for, or as part of, the . . . property loss or personal injury claims procedure. The grievance system shall not challenge the decision of these other procedures." Hence, as Bates was unmistakably making a bona fide substantial personal injury claim, Article 15 is arguably not in any way applicable to the instant case.

The dispositive regulation, then, is the aforementioned K.A.R. 44-16-104. In particular, section (a) provides the extent of the required inmate administrative remedies for personal injury claims, with the exception of section (e), which mandates all claims must be under oath. Sections (b)-(d) provide procedural specifics for claims.

The State argues, and the district court agreed, that Bates was required under section (a) to file his claim with the institution and also with the joint committee if he desired. Moreover, the State argued below, and the court found by incorporation, that the joint committee claim process is "unrelated" to the administrative remedies and not "established by rules and regulations promulgated by the secretary of correction[s]." This belies the plain language of the regulation, as well as the apparent underlying intent.

Section (a) of K.A.R. 44-16-104 provides that claims for personal injuries *may* be submitted to the penal institution and Secretary of Corrections. It further provides that if the amount in controversy is greater than $500, that claim *may* be filed with the joint committee. This language is unambiguous; both avenues are clearly permissive in nature. The regulation does not require, under these facts, the claim to be filed with the institution before being filed with the joint committee.

Although section (b) of K.A.R. 44-16-104 does mandate that "[t]he inmate *shall* obtain a claim form from the unit team, fill it out and return it," (emphasis added) a complete reading of that section, in tandem with section (c), provides a strong impression that section (b) refers only to institutional claims. Section (b) refers to an investigation by the principal administrator of the institution; section (c) requires the institution to have the necessary forms for filing to the joint committee available for inmates. This strongly implies that there are separate forms for joint committee claims

and that the filing requirements found within section (b) are inapplicable to joint committee claims.

As best we can tell, the joint committee did not reject Bates' claim for failure to follow the proper procedure.

The reason behind the joint committee option may be found in K.S.A. 46-920, which governs personal injury claims against the State within the prison context. The statute expressly provides that the Secretary of Corrections lacks the statutory authority to pay any claim of "an amount of more than $500." K.S.A. 46-920(a).

This statute explains why the joint committee option is provided within the regulations. The DOC does not have the authority or ability to disburse funds in excess of $500. In the present case, Bates was seeking relief in excess of $75,000 for very substantial alleged physical injuries. Clearly, he could not obtain comparable relief from the DOC. Therefore, it is logical that joint committee claims are intended to be part of the administrative procedure and were established by rules and regulations promulgated by the Secretary of Corrections.

Also, the State's claim that the DOC should be given an opportunity to settle the claim internally runs counter to this same logic. To ask an inmate to bring a claim such as Bates' to an agency with authority to pay only $500 has no reasonable basis. We acknowledge that it is easy to claim injury of over $500, even if none actually occurred. However, in the instant case, that does not appear to be the situation.

Should the legislature wish all claims to be processed as suggested by the State here, it could do so. We do not believe it has.

The district court also found the use of a prescribed form is a condition precedent to exhausting administrative remedies. However, it should be noted the joint committee heard Bates' claim despite his apparent nonuse of the established form in filing the claim. Hence, this assertion seems of minimal consequence, if not moot.

In addition, the district court found that failure to use a form provided by the DOC prevented the State from being afforded adequate notice of the claim, which in turn precluded corrections officials from investigating and resolving the claim. However, all

defendants in claims to the joint committee receive notice of claims against them under K.S.A. 46-914(a). Also, as discussed above, internal resolution of Bates' claim was not realistically practical.

Because Bates has exhausted the administrative remedies provided by DOC regulations, the State's statute of limitations arguments adopted by the district court are also untenable. The State's assertions are wholly based on an alleged willful failure to exhaust administrative remedies. Based on the foregoing, this failure does not exist.

In sum, Bates filed his substantial personal injury claim with the joint committee as provided by K.A.R. 44-16-104. No claim with the institution was required for a claim of this magnitude. The DOC's interpretations of the regulations as written are clearly erroneous.

Whether or not it was the intent of the legislature to require a two-step process, as is argued by the State, it has not done so. We note that no statutory or regulatory history has been cited to support the State's interpretation. Bates has fulfilled the exhaustion requirement of K.S.A. 75-52,138 and accordingly may file a claim with the district court. The trial court erred in its grant of summary judgment to the State.

Reversed and remanded.