Gregory P. Goheen, Legal Counsel Deryl W. Wynn, Legal Counsel Unified School District No. 500 707 Minnesota Avenue, Fourth Floor P.O. Box 171300 Kansas City, Kansas 66117
Dear Messers Goheen and Wynn:
As legal counsel for Unified School District No. 500, you request our opinion regarding whether a finding by the Division of Family Services of the Department of Social Services for the State of Missouri that a person who is licensed to teach in the State of Kansas has committed sexual maltreatment of one minor and physical abuse of two minors requires the Kansas State Board of Education to cancel the person's Kansas teacher's license. You also ask whether the local board of education of a unified school district is obligated to report to the State Board of Education any knowledge it has regarding the findings of the Division of Family Services of the Department of Social Services for the State of Missouri.
The State Board of Education is vested with broad powers of supervision over the "public schools, educational institutions and all the educational interests of the state, except educational functions delegated by law to the state board of regents."[1] This authority, which is self-executing,[2] includes the authority to establish the standards for issuance, renewal, reinstatement and registration of licenses for teachers in the State.[3] "Where a constitutional provision is self-executing, the legislature may enact legislation to facilitate or assist in its operation, but whatever legislation is adopted must be in harmony with and not in derogation of the provisions of the constitution."[4]
The Kansas Legislature has enacted statutes that address issuance and cancellation of teachers' licenses.[5] K.S.A. 72-1383 states:
 "Any certificate issued by the state board of education . . . may be canceled by the state board of education in the manner provided by law, on the grounds of immorality, gross neglect of duty, annulling of written contracts with boards of education without the consent of the board which is a party to the contract, or for any cause that would have justified the withholding thereof when the same was granted."[6]
The Kansas Supreme Court has determined that "K.S.A. 72-1383 is not in derogation of [Section 2 of Article 6 of the Kansas Constitution]. It does not reduce the Board's supervisory authority by delegating any part thereof to another entity. It does not require the Board to do or not doanything."[7] Therefore, while the State Board has authority to cancel a teacher's license on the grounds of immorality or any other cause that would have justified the withholding of the license at the time it was granted, the statute does not require the State Board to do so.
The State Board is directed to not issue a license to, or renew the license of, any person: (1) who has been convicted of an attempt to commit any offense specified in subsection (c) of K.S.A. 2002 Supp.21-4619, (2) who has been convicted of any felony under the Uniform Controlled Substances Act,[8] Articles 34, 35, 36, and 37 of Chapter 21 of the Kansas Statutes Annotated, any act described in K.S.A. 21-4301,21-4301a or 21-4301c, or any act described in any similar sister state or federal law, or (3) who has entered into a criminal diversion agreement after having been charged with any of these offenses.[9]
"The fundamental rule of statutory construction to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be."[10]
In order for the statute to be applicable, a person must either have been convicted of one of the crimes set forth in subsection (a) or (b) of K.S.A. 72-1397 or entered into a diversion agreement after being charged with one of those crimes. A conviction is, "[i]n a general sense, the result of a criminal trial which ends in a judgment or sentence that the accused is guilty as charged."[11] A finding made by the Division of Family Services of the Department of Social Services for the State of Missouri is based on whether there is probable cause[12] to believe that a child was abused or neglected.[13] "[Probable cause] does not require evidence of each element of the crime or evidence to the degree necessary to prove guilt beyond a reasonable doubt."[14] An administrative proceeding is not "of a like quality and extensiveness as a district court criminal proceeding."[15] A finding made by the Missouri Division of Family Services does not constitute a conviction for one of the crimes set forth in K.S.A. 72-1397(a) or (b). Further, it is our understanding that criminal charges have not been filed against the person holding the Kansas teacher's license and there is no diversion agreement in place. Therefore, K.S.A. 72-1397 is not applicable in the situation presented.
The State Board has adopted a regulation that addresses suspension or revocation of a teacher's license:
 "(a) Any license issued by the state board may be suspended or revoked, or the license holder may be publicly censured by the state board for misconduct or other just cause, including any of the following:
"(1) Conviction of any crime punishable as a felony;
"(2) conviction of any crime involving a minor;
"(3) conviction of any misdemeanor involving theft;
 "(4) conviction of any misdemeanor involving drug-related conduct;
 "(5) conviction of any act defined in any section of article 36 of chapter 21 of the Kansas statutes annotated;
 "(6) conviction of an attempt under K.S.A. 21-3301, and amendments thereto, to commit any act specified in this subsection;
 "(7) commission or omission of any act that injures the health or welfare of a minor through physical or sexual abuse or exploitation;
"(8) engaging in any sexual activity with a student;
 "(9) breach of an employment contract with an education agency by abandonment of the position;
 "(10) conduct resulting in a finding of contempt of court in a child support proceeding;
 "(11) entry into a criminal diversion agreement after being charged with any offense or act described in this subsection;
 "(12) obtaining, or attempting to obtain, a license by fraudulent means or through misrepresentation of material facts; or
 "(13) denial, revocation, cancellation, or suspension of a license in another state on grounds similar to any of the grounds described in this subsection."[16]
 "The interpretation of a regulation promulgated by statute is treated the same as the interpretation of a statute."[17] K.A.R. 91-22-1a states that a teacher's license "may be suspended or revoked . . . for misconduct or other just cause. . . ."[18] The language is unambiguous; the action is clearly permissive in nature.[19] The State Board possesses discretion under K.A.R. 91-22-1a to determine whether a teacher's license should be suspended or revoked for any of the reasons set forth in subsection (a) of the regulation.[20]
There are two instances in which reports of criminal misconduct on the part of a person holding a Kansas teacher's license are to be made with the State Board. By statute, the county or district attorney is required to report to the State Board the name of any person who holds a Kansas teacher's license and who has been determined to have committed any offense or act specified in subsection (a) or (b) of K.S.A. 72-1397 or who has entered into a criminal diversion agreement after having been charged with any offense or act specified in subsection (b) of K.S.A.72-1397.[21] The State Board of Education by regulation requires "[t]he chief administrative officer of a public . . . school . . . [to] promptly notify the commissioner of education of the name, address, and license number of any license holder who is dismissed, resigns, or is otherwise separated from employment with a school for any act described in subsection (a) of [K.A.R. 91-22-1a]."[22]
Based on the clear language of the statute and the regulation, reports are to be made to the State Board when a person holding a Kansas teacher's license has been convicted of a crime or entered into a diversion agreement after being charged with committing a crime or when a person is dismissed, resigns, or is otherwise separated from employment with an accredited public school because the person committed an act set forth in K.A.R. 91-22-1a. We have not located a state statute or regulation that requires officials of a unified school district to report to the State Board any knowledge they may have regarding the findings of the Division of Family Services of the Department of Social Services of the State of Missouri.
In review, K.S.A. 72-1383, K.S.A. 72-1397 and K.A.R. 91-22-1a establish the grounds and circumstances under which a Kansas teacher's license may be suspended or revoked by the State Board of Education. K.S.A. 72-1383
and K.A.R. 91-22-1a provide for discretionary authority. K.S.A. 72-1397
is applicable only upon conviction or when a person has entered into a diversion agreement after the filing of criminal charges. While these statutory and regulatory provisions certainly allow the State Board of Education to take action against a teacher's license when the Board determines that the teacher has committed an act that harms the health or welfare of a minor through physical or social abuse or exploitation, they do not require the State Board to revoke or suspend a Kansas teacher's license upon a probable cause finding of the Division of Family Services of the Department of Social Services for the State of Missouri. Additionally, Kansas law does not currently require officials of a unified school district to report to the State Board any knowledge they may possess regarding probable cause findings of the Missouri Division of Family Services.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
PK:JLM:RDS:jm
[1] Kan. Const., Art. 6, § 2. See also Kan. Const., Art. 6, §5.
[2] State ex rel. Miller v. Board of Education (Peabody), 212 Kan. 482, Syl. ¶ 6 (1973).
[3] U.S.D. No. 380 v. McMillen, 212 Kan. 482 (1993); Peabody,supra.
[4] Bd. of Ed. of U.S.D. No. 443, Ford County v. Kansas State Boardof Education, 266 Kan. 75, 96 (1998), quoting Peabody,212 Kan. at 482, Syl. ¶ 7.
[5] K.S.A. 72-1371 et seq. K.S.A. 72-7513 states that "the state board of education shall . . . [a]dopt and maintain standards, criteria, guidelines or rules and regulations for . . . certification of . . . teachers. . . ."
[6] Emphasis added.
[7] Hainline v. Bond, 250 Kan. 217, 220 (1992) (emphasis added).
[8] K.S.A. 65-4101 et seq.
[9] K.S.A. 72-1397.
[10] Williamson v. City of Hays, 275 Kan. 300, 305 (2003).
[11] Black's Law Dictionary 301 (1979).
[12] "`Probable cause,' available facts when viewed in the light of surrounding circumstances which would cause a reasonable person to believe a child was abused or neglected. . . ." R.S.Mo. §210.110(10).
[13] See R.S.Mo. §§ 210.110, 210.153, 210.183; 13 CSR 40-31.025(3);Lipic v. State, 93 S.W.3d 839 (E.D. Mo. 2002).
[14] State v. Arculeo, 29 Kan. App. 2d 962, 967 (2001). See alsoState v. Berg, 270 Kan. 237, 238 (2000).
[15] State v. Dewey, 22 Kan. App. 2d 963, 966 (1996). See alsoHuelsman v. Kansas Department of Revenue, 267 Kan. 456 (1999).
[16] K.A.R. 91-22-1a.
[17] Bates v. State, 67 P.3d 168, 171 (Kan.App. 2003).
[18] Emphasis added.
[19] Bates, 67 P.3d at 172.
[20] See Davis v. McKune, 28 Kan. App. 2d 14, 17 (2000).
[21] K.S.A. 72-1397(e).
[22] K.A.R. 91-22-1a(i).