Green, J., dissenting:
I respectfully dissent from the majority's decision to reverse the Board's decision (which held that Gary, through his widow Carmen, is not currently entitled to benefits under the Act) and to remand the case to the Board for further proceedings where Carmen must prove that she is entitled to benefits under the Act. I agree with the majority's holding that the Board misapplied K.S.A. 2017 Supp. 44-501(b)(3)(E). The Board clearly erred by applying K.S.A. 2017 Supp. 44-501(b)(3)(E) to exclude the admission of Gary's GC/MS test results since medical staff collected Gary's urine sample. And although I believe that Labor Max has challenged the Board's determination that Gary's GC/MS test results were inadmissible under K.S.A. 2017 Supp. 44-501(b)(2), I also agree with the majority's conclusion that K.S.A. 2017 Supp. 44-501(b)(2) is inapplicable under the facts of this case. Nevertheless, I disagree with the majority's interpretation and application of K.A.R. 51-3-5a(a).
Thus, the ultimate question in this appeal is whether the Workers Compensation Board's (Board) interpretation of K.A.R. 51-3-5a(a) for the admission of Gary's GC/MS test results was correct. That question is a matter of law.
The majority's position is drawn primarily, if not exclusively, from K.A.R. 51-3-5a(a), which states:
"Medical reports or any other records or statements shall be considered by the administrative law judge at the preliminary hearing. However, the reports shall not be considered as evidence when the administrative *1007 law judge makes a final award in the case, unless all parties stipulate to the reports, records, or statements or unless the report, record, or statement is later supported by the testimony of the physician, surgeon, or other person making the report, record, or statement. If medical reports are not available or have not been produced before the preliminary hearing, either party shall be entitled to an ex parte order for production of the reports upon motion to the administrative law judge." (Emphasis added.)
*804 K.A.R. 51-3-5a(a) creates a universal negative (E) proposition in the second sentence of this regulation:
"However, the reports shall not be considered as evidence when the administrative law judge makes a final award in the case, unless all parties stipulate to the reports, records, or statements or unless the report, record, or statement is later supported by the testimony of the physician, surgeon, or other person making the report, record, or statement. " (Emphasis added.)
Moreover, the word "any" in the first sentence of K.A.R. 51-3-5a(a) denotes a universal affirmative proposition: "Medical reports or any other records or statements shall be considered by the administrative law judge at the preliminary hearing." (Emphasis added.) Our Supreme Court recently provided the following definitions of the word "any": "(1) 'one or some indiscriminately of whatever kind'; (2) 'one, some, or all indiscriminately of whatever quantity'; and (3) 'unmeasured or unlimited in amount, number, or extent.' The ordinary and plain meaning of the term 'any' thus connotes something without limits. [Citation omitted.]" State v. Sandoval , 308 Kan. 960, 963-64, 425 P.3d 365 (2018). Thus, under the plain language of K.A.R. 51-3-5a(a), it is readily apparent that at the preliminary hearing medical reports and all other records and statements can be considered by the administrative law judge (ALJ).
Moreover, Gary's written GC/MS test results would be considered a record or statement or both under K.A.R. 51-3-5a(a). K.S.A. 2017 Supp. 44-534a(a)(1) also states that "[c]opies of medical reports or other evidence which the party intends to produce as exhibits supporting the change of benefits shall be included with the application" for a preliminary hearing. Certainly, Gary's GC/MS test results also would fit within the terms "other evidence." Thus, because Gary's GC/MS test results lacked the other person's testimony as required under the second sentence of K.A.R. 51-3-5a(a), Gary's GC/MS test results could not be considered as evidence when the ALJ made the final award.
Nevertheless, Labor Max and the majority take a myopic view of K.A.R. 51-3-5a(a). They say that this regulation relates only to preliminary hearings. Furthermore, the majority interprets the previously denoted italicized language of K.A.R. 51-3-5a(a) as follows: If a party admits reports, records, or statements made by a *805 physician, surgeon, or other person at a preliminary hearing without testimony, then that party must support those reports, records, or statements made by the physician, surgeon, or other person at the final award hearing with testimony. On the other hand, if a party does not admit reports, records, or statements made by a physician, surgeon, or other person at a preliminary hearing, then that party need not support the reports, records, or statements with testimony of the authoring physician, surgeon, or other person at the final award hearing.
Thus, the majority concludes under the facts of this case: If Labor Max had admitted Gary's GC/MS test results at the preliminary hearing, then Labor Max would have needed to present qualified testimony to admit Gary's GC/MS test results at the final award hearing. Nevertheless, because Labor Max did not admit Gary's GC/MS test results at the preliminary hearing, Labor Max could admit Gary's GC/MS test results without complying with K.A.R. 51-3-5a(a)'s rule that absent a stipulation by the parties, parties must support reports, records, or statements with the testimony of the physician, surgeon, or other person who made the report, record, or statement at the final award hearing .
Implicitly, the majority concedes that Gary's GC/MS test results, which were documented in a lab report, constitute the type of evidence K.A.R. 51-3-5a(a) considers. The *1008 majority further concedes that the lab report was made by some "other person" as contemplated by the regulation. But the majority contends that because Labor Max did not admit or present Gary's GC/MS test results at the preliminary hearing, this insulated Labor Max from the K.A.R. 51-3-5a(a) rule requiring that the admission of medical reports or any other records or statements be supported by testimony of their author.
The majority contends that this interpretation is supported by the plain language of the regulation, as well as K.S.A. 44-519 and K.S.A. 2017 Supp. 44-523(a). The majority argues that the Board's interpretation of K.A.R. 51-3-5a(a) would "apply to virtually all documents or statements" and "would eviscerate the general rule that hearsay evidence is admissible in workers'-compensation hearings." Indeed, the majority suggests that the Board's interpretation *806 of K.A.R. 51-3-5a(a) would override the workers compensation statutes adopted by the Legislature.
Although K.A.R. 51-3-5a(a) is entitled "Procedure of preliminary hearings" and K.A.R. 51-3-5a contains rules about preliminary hearings, K.A.R. 51-3-5a(a)'s plain language also contains a rule on what evidence is admissible at a final award hearing. I begin my analysis by turning to the rules on regulatory and statutory construction.
"The interpretation of a regulation promulgated by statute is treated the same as the interpretation of a statute." Bates v. Kansas Dept. of Corrections , 31 Kan. App. 2d 513, 515, 67 P.3d 168 (2003). "The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained." Bergstrom v. Spears Manufacturing Co. , 289 Kan. 605, 607, 214 P.3d 676 (2009). When a statute is plain and unambiguous, this court presumes that the Legislature "expressed its intent through the language of the statutory scheme." 289 Kan. at 607, 214 P.3d 676. Under such circumstances, this "court must give effect to the legislative intention as expressed in the statutory language." 289 Kan. at 607, 214 P.3d 676. Moreover, our Supreme Court has emphasized the following:
"[T]his court must give effect to its express language rather than determine what the law should or should not be. The court will not speculate on legislative intent and will not read the statute to add something not readily found in it. If the statutory language is clear, no need exists to resort to statutory construction. [Citation omitted.]" 289 Kan. at 607-08, 214 P.3d 676
In workers compensation cases, this has led to multiple cases where our Supreme Court has reversed long-applied workers compensation policy because that policy was not supported in written law. See, e.g., Bergstrom , 289 Kan. at 609-10, 214 P.3d 676 (disapproving of Foulk v. Colonial Terrace , 20 Kan. App. 2d 277, 284, 887 P.2d 140 [1994], because the Foulk court read language into K.S.A. 44-510e [a] that required injured workers to make a good-faith effort to seek employment); and Casco v. Armour Swift-Eckrich , 283 Kan. 508, Syl. ¶ 8, 525, 154 P.3d 494 (2007) (disapproving of Honn v. Elliott , 132 Kan. 454, 295 P. 719 [1931], because the Honn court read language into then-current K.S.A. 44-510c [a][2] and K.S.A. 44-510d about the loss of two body parts creating a permanent total disability).
*807 Here, Labor Max and the majority have ignored the plain language of K.A.R. 51-3-5a(a) in reaching their conclusion. The second sentence of K.A.R. 51-3-5a(a) reads:
"However, the reports shall not be considered as evidence when the administrative law judge makes a final award in the case, unless all parties stipulate to the reports, records, or statements or unless the report, record, or statement is later supported by the testimony of the physician, surgeon, or other person making the report, record, or statement." (Emphasis added.)
To limit a "report, record or statement" to only the "report, record or statement" admitted or presented at the preliminary hearing, as argued by Labor Max and the majority, would require K.A.R. 51-3-5a(a) to be rewritten to validate their position. Indeed, the second sentence of K.A.R. 51-3-5a(a) does not limit a "report, record, or statement" to only the "report, record, or statement" admitted or presented at the preliminary hearing. If this were the intent of the Director of Workers *1009 Compensation (director), the director could have easily included the following language in the second sentence of K.A.R. 51-3-5a(a) : "any 'report, record, or statement' includes only a 'report, record, or statement' admitted or presented at the preliminary hearing ." Nevertheless, the director never included such language in K.A.R. 51-3-5a(a).
Moreover, the second sentence of K.A.R. 51-3-5a(a) contains two conditional clauses that begin with the conditional term unless . These unless clauses contain present tense verbs "stipulate" and "is," respectively. The verb used in the independent clause of this sentence is shall . As a result, the second sentence of K.A.R. 51-3-5a(a) is a predictive conditional sentence used to predict the future of express future possibilities. There is nothing in the provision of K.A.R. 51-3-5a(a) that would limit its future requirements to only preliminary hearing matters.
Turning again to the majority's argument, I note that the majority's deductive reasoning is as follows:
• Major premise: "Nothing in either the statute or regulation provides that reports of lab testing-not first presented in a preliminary hearing-are subject to any special evidentiary rules." Op. at 1004.
*808 • Minor premise: Gary's GC/MS lab test results were not first presented in a preliminary hearing.
• Conclusion: Therefore, Gary's GC/MS lab test results are not "subject to any special evidentiary rules."
The soundness of this syllogistic argument rests on the correctness of its premises. I do not accept the majority's major premise that "[n]othing in either the statute or regulation provides that reports of lab testing-not first presented in a preliminary hearing-are subject to any special evidentiary rules."
Additionally, this categorical syllogism is invalid because no conclusion follows when both premises contain an exclusion. It is called the fallacy of the exclusive premises. Finally, the difficulty I have with the majority's syllogism is the majority's conclusion that Gary's GC/MS lab test results are not "subject to any special evidentiary rules." The majority's conclusion is a subtlety not warranted by the law.
First, the Legislature provided the Director of Workers Compensation with the power to "adopt and promulgate such rules and regulations as the director deems necessary" to administer and to enforce the Act. K.S.A. 44-573. K.A.R. 51-3-5a(a) is one such regulation.
Second, K.A.R. 51-3-5a(a) is a regulation that concerns both the evidence an ALJ may consider at the preliminary hearing stage and the evidence an ALJ may consider when making the final award. The rule concerning what evidence the ALJ can consider when making the final award is related to K.S.A. 44-519. Indeed, K.S.A. 44-519 creates a universal negative (E) proposition similar to the second sentence in K.A.R. 51-3-5a(a). K.S.A. 44-519(a) states:
"[N]o report of any examination of any employee by a health care provider, as provided for in the workers compensation act and no certificate issued or given by the health care provider making such examination, shall be competent evidence in any proceeding for the determining or collection of compensation unless supported by the testimony of such health care provider , if this testimony is admissible ...." (Emphasis added.)
Thus, for example, where the employee's examination report lacks the health care provider's testimony, the employee's examination report will not be considered as competent evidence.
*809 It is plainly clear that the Legislature enacted K.S.A. 44-519 to protect the rights of parties against a wholesale admission of medical reports of healthcare providers into a record without a proper foundation being laid to insure the integrity and reliability of the medical records except in a preliminary hearing context under K.S.A. 2017 Supp. 44-534a and K.A.R. 51-3-5a(a).
Third, on the other hand, K.A.R. 51-3-5a(a) covers the admissibility of evidence made under a set of circumstances that is not covered under K.S.A. 44-519. This includes "other records or statements" made by some "other person." Like K.S.A. 44-519, *1010 K.A.R. 51-3-5a(a) insures that a proper foundation must be laid before evidence or reports are admitted into the record. Similar to the protection offered to parties under K.S.A. 44-519, the rights of parties against whom the evidence or reports are sought to be used are protected by the provision of K.A.R. 51-3-5a(a), which states:
"[T]he reports shall not be considered as evidence when the administrative law judge makes a final award in the case, unless all parties stipulate to the reports, records, or statements or unless the report, record, or statement is later supported by the testimony of the physician, surgeon, or other person making the report, record, or statement."
But the majority emphasizes that to be valid, administrative regulations must not override statutes adopted by the Legislature. Nonetheless, K.A.R. 51-3-5a(a) does not conflict with K.S.A. 44-519 or exceed the authority conferred by K.S.A. 44-573 under which the director enacted K.A.R. 51-3-5a(a). Moreover, not only does K.A.R. 51-3-5a(a) not conflict with the provisions under K.S.A. 44-519, it also preserves and promotes the comprehensive purpose of K.S.A. 44-519. Thus, K.A.R. 51-3-5a(a) actually effectuates the purpose of K.S.A. 44-519. Moreover, my research has revealed no case or example in which it says a regulation that is broader than a related statute is automatically invalid because the regulation extended beyond the statutory provisions of the related statute.
I further believe our Supreme Court's decision in Roberts v. J.C. Penney Co. , 263 Kan. 270, 281, 949 P.2d 613 (1997), supports the conclusion that the Board did not apply K.A.R. 51-3-5a(a) in an overly broad manner. Regarding the connection between K.S.A. 44-519 and K.A.R. 51-3-5a(a), the Roberts court explained:
*810 "It is clear that in K.A.R. 51-3-5a, the administrative regulation relating to preliminary hearings , ... a special rule has been fashioned to allow medical reports or records to be considered by the ALJ at the preliminary hearing. The specific requirement and literal application of K.S.A. 44-519, however, is preserved in the regulation .... Rather than rendering [ K.S.A. 44-519 ] without practical effect, [ K.A.R. 51-3-5a(a) ] clearly upholds the requirement that 44-519 must be followed as written." ( Emphasis added.) 263 Kan. at 281, 949 P.2d 613.
What our Supreme Court did not say was that K.A.R. 51-3-5a(a) is identical to K.S.A. 44-519. Nor did our Supreme Court say that K.A.R. 51-3-5a(a) was a regulation that pertained only to preliminary hearings. To the contrary, our Supreme Court noted that K.A.R. 51-3-5a(a) was a regulation "relating to preliminary hearings" that preserved and upheld the requirement of K.S.A. 44-519.
Turning to the Board's decision, I note that the Board ruled that Gary's GC/MS test results were inadmissible because Labor Max had failed to comply with the plain language of K.A.R. 51-3-5a(a). The Board's ruling was based on a conditional syllogism. To illustrate, the Board stated the following in its order: "Without the [GC/MS] drug screen test results, there is no conclusive presumption that claimant was impaired at the time of his accident. Nor was there sufficient evidence outside of the excluded [GC/MS] drug screen test results to prove that claimant was impaired at the time of his accident." The thrust of the Board's ruling is the following:
• Major implicit premise: If the respondent failed to lay a proper foundation for the admission of the GC/MS test results, then there is no conclusive presumption that Gary was impaired when the accident occurred.
• Minor implicit premise: Labor Max failed to lay a proper foundation for admission of the GC/MS test results.
• Conclusion: Therefore, there is no conclusive presumption that Gary was impaired when the accident occurred.
I believe that the Board correctly ruled that Gary's GC/MS test results were inadmissible under K.A.R. 51-3-5a(a) because the "LabCorp litigation package [fell] under the category of 'any other records or statements.' " Under the plain language of K.A.R. 51-3-5a(a), Gary's GC/MS test results constitute other records or statements. And, they were created by some person other than a *811 physician or surgeon. Indeed, respondent *1011 presented no testimony of the technician responsible for performing the GC/MS test on Gary's urine.
As a result, the proof offered as to the accuracy of the GC/MS test results was inadequate. Again, no witnesses were called by respondent to testify as to the procedures used in testing Gary's urine sample for marijuana. Thus, the Board complied with the plain language of K.A.R. 51-3-5a(a) when it ruled that Gary's GC/MS test results were inadmissible under this regulation.
Last, I note that the majority's analysis is inconsistent with workers compensation procedures. In many cases, the evidentiary deadline falls after the preliminary hearing. And regardless of when the preliminary hearing falls in conjunction with the parties' terminal dates, under the majority's interpretation, any party could withhold admitting or presenting reports, records, or statements at the preliminary hearing in order to admit those reports, records, or statements without the testimony of the other person who made the reports, records, or statements at the final award hearing. The majority stresses that the Board's interpretation of K.A.R. 51-3-5a(a) would upheave workers compensation proceedings as we know them. The majority maintains that this regulation "would eviscerate the general rule that hearsay evidence is admissible in workers-compensation hearings." Op. at 1004.
Nevertheless, in addition to being unsupported by the plain language of K.A.R. 51-3-5a(a), I fear that the majority's interpretation and application of K.A.R. 51-3-5a(a) would result in workers compensation cases being decided on untested and untrustworthy reports, records, and statements. In short, I recognize that employees and employers have an interest in the proper integrity of the workers compensation program. Moreover, I also recognize that employees and employers have a vital interest in predictable procedures. In recognition of this balance, I conclude that if the majority's holding were adopted in this case, it would create an unpredictable handling of lab test results or any other records or statements, with the exception of medical reports (which are covered under K.S.A. 44-519 ), not admitted or presented for consideration by the ALJ at the preliminary hearing stage.
*812 For these reasons, I would affirm the Board's decision finding that Gary was entitled to benefits under the Act.